## JAMES GOODHEART

### v.

## WILLIAM H. BOWEN.

1. EXECUTION—CANNOT BE LEVIED AFTER REPLEVIN.—When goods are replevied from an officer holding an execution, by a person not a party to the execution, the goods are in the custody of the law, and are not liable to be again seized by the same or any other officer holding other executions, and an officer making such second levy does so in his own wrong and without authority of law.

2. WRIT OF RETORNO.—Appellant as sheriff levied upon property by writ of attachment. The property was replevied by appellee, and appellant receiving an execution from another party, levied it upon and took the property from appellee, who thereupon again took the property by writ of replevin. A second execution coming to the hands of appellant, he again levied upon the property, and held the same until the bankruptcy of the judgment debtor, when he delivered it over to the bankrupt's assignee. On the trial of the first replevin suit appellee failed to establish his right to the property, and there was judgment against him, but the court refused to order a writ of *retorno* on motion of appellant. *Held,* that the motion was properly refused. Under the circumstances to allow a writ of *retorno* would be to give appellant the property itself, and in addition the value of it in money, to be collected from the signers of the replevin bond.

3. LEVY OF EXECUTIONS—PRACTICE.—While an officer holding junior executions, cannot levy on the same property once levied upon, he may indorse a levy on the subsequent writs, and the proceeds of sale should be applied in the order of their issuance.

APPEAL from the Circuit Court of McLean county; the Hon.
OWEN T. REEVES, Judge, presiding.

Messrs. ALDRICH & KERRICK, for appellant; that a writ of
*retorno habendo* should have been ordered, cited Rev. Stat.
811, § 22; Underwood v. White, 45 Ill. 437; Vose v. Hart, 12
Ill. 378.

Messrs. WILLIAMS, BURR & CAPEN, for appellee; against the
motion for a writ of *retorno*, cited Pratt v. Tucker, 67 Ill. 346;
Bourk v. Riggs, 38 Ill. 320; Hanford v. Obrecht, 38 Ill. 493.

That after replevin the property could not be levied upon:
Morris on Replevin, 59.

For making such levy the sheriff is liable as an original party,
not as the agent of the plaintiff in execution: Broadwell v.
Paradice, 81 Ill. 474.

LACEY, J.   Appellant, James Goodheart, as sheriff of McLean
Co., levied a writ of attachment issued in favor of the First
National Bank of Bloomington, and against the goods of Peter
C. Bowen and the goods in question as the goods of Peter C.
Bowen.   William H. Bowen, the appellee, replevied the goods.
Appellant having received an execution in favor of another
party, seized them as the property of Peter C. Bowen, and
took them from the custody of appellee.   Appellee again
replevied the goods from appellant.   Appellant, getting a third
writ of execution, again levied on the goods as the property
of Peter C. Bowen, and took the goods out of the possession
of the appellee a second time.   The appellee then allowed the
goods to remain in the possession of the appellant, who from
that time held the goods until a short time afterwards Peter C.
Bowen, going into bankruptcy, delivered them over on demand
to the assignee in bankruptcy.   Afterwards, upon the trial in
the court below, the appellee, who claimed title to the goods
by virtue of a chattel mortgage executed to him by Peter C.
Bowen, was unsuccessful in the first replevin suit, the issues
having been found in favor of appellant, upon his plea setting
up title in Peter C. Bowen and the attachment proceedings.

Upon motion by appellant in the Court below for a writ of *retorno* on the verdict of the jury, the court overruled the motion, and gave judgment against appellee for costs.

Appellant brings this case into this court by appeal, and assigns for error the refusal of the court below to grant this motion. The law is well settled, that when goods are replevied from a sheriff holding execution, by a person not a party to the execution, that the goods are in the custody of the law, and are not liable to be again seized by the same sheriff holding junior execution, or by any other officer holding execution, and any such officer who makes such second levy, does so in his own wrong and without authority of law. Rhines v. Phelps et al. 3 Gil. 455; Hogan v. Lucas, 10 Peters, 400. It cannot be contended that the replevin bond is a substitute for the property, and as a consequence the property is released from the levy, for in such a case there might be any number of levies, and if the complainant should make several successive replevies, then in case he were unsuccessful, he would be liable to answer to the same or different sheriffs on his replevin bonds, for the value of the property, as many times as he had replevied.

Could a result so contrary to equity and good conscience be sustained? The maxim of the law is that it injures no man and can never produce injustice. Ibid, 10 Pet. 403, 4. On giving the replevin bond in this case, the property was placed in the hands of the appellee, and his custody was substituted for that of the sheriff; the property is not withdrawn from the custody of the law. In the hands of the appellee the property was as free from the reach of process as it would have been in the hands of the sheriff whilst held by him under the attachment. The lien of appellant was not released from the property replevied on account of the replevy, but continued until the bond was forfeited. This being the case, and the attachment levy all the time being a lien on the property in question while it was in the hands of appellee, it must necessarily then continue for the benefit of the first levy, and was a lien at the time appellant took the property under his second and third executions out of the hands of appellee. Appellant would not be

able to divest himself of the duty of first satisfying such attachment lien, no more than he would if no replevin had been made.   He should hold the property and satisfy the claim of the First National Bank under the attachment, or show legal excuse for not doing so.   Having recovered the property from appellee, he cannot claim that he has been injured by the replevin suit.

Having anticipated the result of the replevin suit and taken the property into his possession, which was acquiesced in by appellee, he cannot after the suit had been decided in his favor, claim a second fulfillment of its conditions.   Property once levied on is in the custody of the law, and is beyond the reach of any other process while such levy exists; after the satisfaction of the first writ, the law applies the proceeds to those subsequently issued, in the order of their delivery and issuing to the officer: while he cannot levy on the same property, he may indorse a levy on the subsequent writs, and the proceeds of sale should be applied in the order of their issuance.   Herman on Executions, 251.   After having taken the property under the junior executions out of the hands of appellee, he should have disposed of it, and applied it in accordance with the above rule.   It matters not whether the goods were delivered back to him voluntarily, or whether he seized them in his own wrong.

The fact that the goods were taken by the assignee in bankruptcy, could, as we conceive, make no difference; as we cannot see how the replevin suit in any way was instrumental in producing that result.

Under these circumstances, to allow the appellee to have a writ of *retorno*, would be to give the appellant the property itself, and in addition the value of it in money, to be collected from the signers of the replevin bond.   The Circuit Court having equitable jurisdiction of its writs, did right in refusing this.

Judgment affirmed.