Rinker v. Lee.

---

## A. R. RINKER ET AL. v. G. O. LEE.

[FILED JULY 1, 1890.]

1. **Replevin:** PROPERTY RESTORED: ACTION ON BOND. In an action of replevin an undertaking was given by R., the plaintiff, and the property was delivered to him. Afterwards a judgment was rendered in favor of L., the defendant, for a return of the property, or if a return could not be had, its value, and for $5 damage, and costs. Shortly after the bringing of the replevin suit, one B. replevied the same property from R. and on the same day delivered it to L. in the same condition and value as when replevied in the first suit. In the second suit R. ob-

| 29 | 788 |
| 48 | 713 |
| 29 | 783 |
| 50 | 895 |
| 51 | 260 |
| 29 | 785 |
| 58 | 746 |
| 29 | 783 |
| 62 | 584 |

tained a judgment for a return of the property, or its value, but the property was never returned to R. Subsequently L. sued R. and his sureties on the replevin bond for the value of the property; the damages and costs recovered by L. in the first suit having already been paid by R.   *Held,* That L., having re-ceived the property during the pending of the suit in which the bond was given, could not maintain an action for the value of the same property.

2. ———: JUDGMENT NON OBSTANTE.   Under the pleadings and evidence, *held,* that the defendants were entitled to a judgment *non obstante.*

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*J. N. Rickards,* and *Sheppard & Black,* for plaintiff in error, cited: *Baker v. Daily,* 6 Neb., 471; *Caldwell v. Gans,* 1 Mont., 570; Brandt, Suretyship, sec. 419; Wells, Re-plevin, secs. 243, 273, 494; *Lee v. Hastings,* 13 Neb., 512; *Welborn v. Eskey,* 25 Id., 193 [40 N. W. Rep., 960]; *Hunt v. Robinson,* 11 Cal., 262, and cases; *Wallace v. Clark,* 7 Blackf. [Ind.], 299; *Mason v. Sumner,* 22 Md., 312; *Seld-ner v. Smith,* 40 Id., 602; *Scrugham v. Carter,* 12 Wend., 131; *Jennings v. Johnson,* 17 O., 154; *Kaley v. Shed,* 10 Met., 309; Sedgwick, Measure of Damages, chap. 20.

*A. F. Moore,* and *G. R. Chaney, contra,* cited: *Weiner v. Van Rensselaer,* 43 N. J. L., 547; *Watkins v. Page,* 2 Wis., 92 (dissenting opinion of Smith, J.); *Foster v. Petti-bone,* 20 Barb. [N. Y.], 350, 363; *Hagan v. Deuell,* 24 Ark., 216; *Woglam v. Cowperthwaite,* 2 Dall [Pa.], 68; *Frey v. Leeper,* Id., 131; *Acker v. White,* 25 Wend. [N. Y.], 614; Jones, Chattel Mortgages, 440–442; *Ashley v. Waight,* 19 O. St., 291; *Smith v. McGregor,* 10 Id., 470; Wells, Replevin, secs. 244, 245, 246, 257, 460, and authorities cited; *Marseilles Mfg Co. v. Morgan,* 12 Neb., 69; *Nelson v. Garey,* 15 Id., 535; *Adams v. Neb. City Nat. Bank,* 4 Id., 370; Jones, Chattel Mortgages, secs. 181, 245, 432–3, 440, 442; *Turner v. Killain,* 12 Neb., 585; *Dayton v. People's*

*Saving Bank*, 23 Kan., 421; *Pyle v. Warren*, 2 Neb., 241; *Severance v. Leavitt*, 16 Id., 439; *Cameron v. Marvin*, 26 Kan., 627; *Brigham v. McDowell*, 19 Neb., 407; *Story v. O'Dea*, 23 Ind., 326.

NORVAL, J.

This is a proceeding in error to obtain a reversal of a judgment of the district court of Franklin county. The action is upon an undertaking in replevin. The petition in the case states, substantially:

That on the 28th day of September, 1886, the defend-ant Avalon R. Rinker commenced an action in the county court of Franklin county, against the plaintiff, to recover possession of certain specific personal property; that an order of delivery was issued in said cause, under which certain goods and chattels of the value of $511.50 were taken from the possession of the plaintiff and delivered to the defendant Avalon R. Rinker upon his making and delivering to the sheriff, for the use of the plaintiff, the written undertaking attached to the petition; that thereupon the goods and chattels taken under the writ were delivered to said Rinker.

That on the trial of said cause, on the 31st day of January, 1887, the court found the right of property and the right of possession to be in the plaintiff, and found the value of the property to be $511.50, and the damages for the unlawful taking to be $5, whereupon judgment was rendered against said defendant Avalon R. Rinker, that the plaintiff herein have a return of said property, or in case a return could not be had, to recover from said defendant the sum of $511.50; that the defendant has not re-turned nor offered to return said property, and no part of said judgment has been paid. That an execution was issued on said judgment in favor of the plaintiff, which was re-turned unsatisfied, and that the plaintiff has sustained dam-

50

ages in the premises in the sum of $558.60, for which he prays judgment.

The defendants in their answer admit all the allegations of the petition, except that the property has not been returned to the plaintiff, and that the plaintiff has been damaged, which averments of the petition are denied.

The defendants further answering allege:

"That on the 3d day of October, 1886, one Fred H. Bently, then the attorney of the plaintiff, and at plaintiff's instance and request, filed the necessary affidavit in the county court of Webster county, and procured an order of replevin to be issued out of said court against the defendant Avalon R. Rinker, and under said writ the identical goods and chattels referred to in plaintiff's petition were taken from the defendant Avalon R. Rinker, and were, at the special instance and request of the plaintiff in this action, turned over and delivered to him, and said goods were so delivered to plaintiff in as good condition and were as valuable as when taken on the writ mentioned and described in plaintiff's petition.

"The defendants further say that the defendant Avalon R. Rinker has never had possession of any of said goods since the date last above mentioned, and the same has through the connivance, intrigue, and fraud of the plaintiff and said Fred H. Bently, been wholly lost to the defendant Avalon R. Rinker, and to the other defendants. The defendants further say that the defendants have caused to be paid the $5 damages mentioned and described in plaintiff's petition, and have paid all of the costs in the case of Avalon R. Rinker v. German O. Lee."

The reply admits that the defendants have paid the $5. damages recovered for the unlawful detention of the property, and the costs in the replevin suit. The plaintiff denies all other allegations of the answer, and further replying says that the property was replevied by said Bently from Rinker on his, Bently's, own behalf, and for his own

benefit, and not on behalf or for the benefit of the plaintiff, and that when it was placed in plaintiff's possession it was as the agent of the said Bently, for care and safe keeping, and not otherwise.

Afterwards a supplemental reply was filed, which alleges, substantially, that the replevin suit of Bently v. Rinker has been tried, and judgment thereon was rendered in favor of Rinker for a return of the property, and in default thereof a judgment for $515, the value of the property, and $13 damages and costs, which judgment is in full force.

The cause was tried to a jury, and the plaintiff recovered a verdict for $350.

The undisputed testimony shows that on September 28, 1886, the defendant Avalon R. Rinker commenced an action in replevin against the plaintiff herein, German O. Lee, in the county court of Franklin county to recover a span of mules. The sheriff took the property from Lee, and delivered them to Avalon R. Rinker, on his executing, with the other defendants herein as sureties, the undertaking sued on. On October 3, Fred H. Bently commenced an action against Avalon R. Rinker to recover the possession of the same mules. The officer executed the writ, by taking the mules from Rinker and turning them over to Bently. On the same day Bently delivered the mules to Lee, from whom they appear to have been stolen a few days later. In the suit of Rinker v. Lee judgment was rendered, that Lee have a return of the property, or if a return could not be had, to recover its value. In the suit of Bently v. Rinker judgment was rendered for the defendant. There is in the record considerable testimony tending to show that the action brought by Bently was instituted at the request of Lee, for the purpose of again obtaining possession of the property. The plaintiff denies, under oath, that he had any knowledge of the bringing of the second replevin suit before it was brought, and that he

merely received the mules from Bently for safe keeping. In some respects the plaintiff is corroborated by Mr. Cheney's testimony. The plaintiff admitted, upon the record, that he makes no claim for damages, other than for the value of the mules.

After verdict, the defendants filed the following motion: " The defendants move the court for judgment on the pleadings in this cause in favor of defendants, notwithstanding the verdict of the jury rendered therein in favor of the plaintiff." This motion was overruled, as well as the defendants' motion for a new trial.

Several questions are discussed in the brief of counsel, but it will only be necessary to notice the point, Is the verdict sustained by either the pleadings or the evidence? In the discussion of this question, the plaintiffs in error contend that the property, when replevied by Bently was in the custody of the law and was not, therefore, susceptible of being replevied. In our opinion, it is quite immaterial, to the proper determination of this case, whether the second replevin suit was lawful or unlawful. By means of the process of the court, the property was taken out of the possession of Rinker and returned to Lee, and whether in accomplishing that the process was abused or not, can make no difference as to the rights of the parties in this case. The material inquiry is this: Could the return of the mules to Lee, prior to the termination of the replevin suit brought by Rinker, be taken into consideration in an action upon the replevin bond, for their value?

The condition of the replevin undertaking is " that the said Avalon R. Rinker, plaintiff, shall duly prosecute his action, and pay all the costs and damages which may be awarded against him, and shall return said property to said defendant in case a judgment for the return thereof shall be rendered." The damages and costs recovered in the replevin suit have been paid. When the property came again into the possession of Lee, the condition of the re-

plevin bond to return the property was fulfilled. The mules having been taken from the possession of Rinker and delivered to the plaintiff, makes it impossible for the defendants to literally comply with the judgment for their return. It appearing that during the pendency of the replevin suit the property came into the possession of Lee, in as good condition and as valuable as when replevied, he cannot afterwards maintain an action for its value.

In the case of *Demers v. Clemens*, 2 Mont., 385, the foregoing proposition is fully maintained. That was a suit upon a replevin bond. A judgment had been rendered, in the action in which the bond was given, for a return of the property, or for $324.90, its value, in case a return could not be had. The defense in the suit on the undertaking was that prior to the judgment in the replevin suit the plaintiff in the action on the bond had, under an execution, taken from the defendant's possession a part of the property and never returned the same, and also had taken the remainder of the property, without any authority whatever. It was decided that the defense was good. Chief Justice Wade in the opinion of the case says: "But the plaintiff by his own act, and without the aid of legal process as to a large portion of the property, takes and carries it away from the defendants' possession and thereby makes a return thereof by the defendants impossible. But the purposes of the undertaking having been fulfilled and the plaintiff having taken the property into his own possession, cannot now sue and recover a judgment against the sureties on the undertaking because they have failed to return the property. The plaintiff cannot have the property and a judgment against the sureties for its value."

A similar case is *Story v. O'Dea*, 23 Ind., 327. That was a suit upon a replevin bond. The defendant answered that the same day the property was delivered to him by the sheriff, the plaintiff forcibly took it out of his posses-

sion and deprived the defendant of the possession thereof. This fact was held proper in mitigation of damages.

The following authorities sustain the rule for which we contend in this case: *Caldwell v. Gans*, 1 Mont., 570; *Barnett v. Selling*, 3 Abb. New Cases, 83; *Nosser v. Corwin*, 36 How. Pr., 540; *Hunt v. Robinson*, 11 Cal., 262; Cobbey on Replevin, sec. 1392.

But it is claimed that Lee had no possession of the property, except as Bently's agent, and that it did not amount to a return, for the reason he never obtained the same interest in or title to the property as he had when replevied by Rinker. Lee's interest in the property remained the same as before it was replevied. The giving of the bond by Rinker entitled him to the possession of the mules, but did not give him any better title than he had before. (Cobbey on Replevin, secs. 702, 703.) It is said that Bently having a mortgage on the mules, the legal title was in him when the property came again into the possession of Lee. Bently held the same mortgage when the first replevin suit was brought, so that plaintiff's title was unchanged. The undisputed testimony is that Bently's mortgage has been paid off. The fact that the mules have been stolen from the plaintiff, after receiving them back, does not affect the rights of the defendants. That was the plaintiff's misfortune.

Under the pleadings and evidence in this case, the plaintiffs in error were entitled to a judgment. The district court erred in overruling their motion for judgment *non obstante*. The judgment of the district court is reversed and the cause is dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.