HENRY OTTO ET AL. V. ISAAC BURCH ET AL.

FILED MARCH 17, 1897. No. 7072.

Replevin: Judgment: Appeal: Damages. B. and K., as agents for G., took possession of personal property by virtue of a mortgage executed by O. In an action of replevin by the latter for the

recovery of said property, before a justice of the peace, judgment was entered for the return thereof or the value of defendant's possession, being the amount of the mortgage debt. From said judgment O., upon the giving of an undertaking in due form, prosecuted an appeal to the district court, where defendants also recovered judgment for the return of the property or the value of their possession. Afterward, O. having failed to return the property, G. recovered the same by means of an action of replevin in his own name, under and by virtue of his mortgage, upon which, after foreclosure in the manner therein provided, the proceeds of said property was applied. In a subsequent action by B. and K. upon the appeal undertaking given by O., *held*, (1) that the judgment in the original action was, in consequence of the privity between the defendants therein and G., their principal, satisfied except as to damages and unpaid costs by the delivery to the latter in the subsequent action of the mortgaged property, and the disposition thereof by him in accordance with the terms of his mortgage; (2) a defendant to whom in an action of replevin has been awarded a return of the property or its value, or the value of his posssession, is not himself required to resort to an action of replevin in order to reap the fruits of the judgment in his favor. But if, instead of pursuing his remedy upon the bond given for his protection, he recovers the property by reason of his original title, he will be held to have waived his right to the alternative relief.

ERROR from the district court of Gage county. Tried below before BABCOCK, J. *Reversed.*

*A. Hardy,* for plaintiffs in error.

*Griggs, Rinaker & Bibb, contra.*

POST, C. J.

This was an action upon an appeal undertaking executed by Henry Otto as principal and the other defendants, Bartling and Kees, as sureties, which resulted in a judgment for the plaintiff in the district court for Gage county, and from which the defendants therein prosecute error.

The facts essential to an understanding of the decisive question of the controversy are as follows: Otto, the principal defendant, in the month of April, 1889, executed in favor of James W. Graham his two promissory

notes for $80 each, payable July 1 and December 1, after date, secured by a mortgage upon a certain span of mules. Subsequently, the note maturing July 1 being due and wholly unpaid, the defendants in error, as agents for Graham, took possession of said mules by virtue of the mortgage, which they were proceeding to foreclose by means of notice and sale, when said property was taken from them under a writ of replevin issued by a justice of the peace in a suit by Otto, the mortgagor. A trial before the justice resulted in a judgment for the defendant therein for a return of the property, or in case return thereof could not be had, for $165.98 damage, the value of the defendant's possession, and which was, upon the execution of the undertaking here involved, removed by appeal into the district court. Upon the perfecting of said appeal a trial was had in the district court, which also resulted in a judgment for the defendants for a return of the property, or in case return thereof could not be had, for the value of the defendants' possession, assessed at $84.10. Thereafter, to-wit, in the month of August, 1891, said property not having been returned in accordance with the order of the district court, and execution upon said judgment having been returned unsatisfied, Graham, in his own name, commenced an action of replevin against Otto, alleging that he was entitled to the possession of said property by virtue of the mortgage above described. The suit last mentioned was prosecuted to final judgment in favor of the plaintiff therein, to whom the mortgaged property had in the meantime been delivered under the writ of replevin, and who thereafter proceeded to foreclose his said mortgage by notice and sale of the property therein described. It appears from admissions in the record that the proceeds of said sale, after deducting costs and expenses, did not exceed the amount of the note maturing December 1, 1889, upon which it was by the mortgagee applied, leaving the defendants below liable, as here claimed, upon their appeal undertaking for the amount of the note first maturing,

with costs of suit.   In that view the district court con-
curred, judging from instructions given and refused, ap-
parently upon the theory that the judgment in the first
mentioned suit is conclusive in so far only as it relates to
the note maturing previous to commencement thereof.
It is, on the other hand, contended that the right of de-
fendants in error to a return of the property, or for the
value of their possession, was inseverable and exhausted
by the final judgment in their favor, although no provis-
ion was made for declaring the entire debt due upon the
mortgagor's failure to pay the first note at maturity.   It
is further contended that said judgment was, in conse-
quence of the privity between the defendant in error and
Graham, satisfied, except as to damages, assessed at
$4.10, and unpaid costs, by the delivery to the latter of
the mortgaged property in the subsequent suit and the
disposition thereof by him in accordance with the terms
of his mortgage.   There is, it seems to us, much force
in that contention.   Graham, the party in interest, has
had the benefit of the mortgage security, the proceeds
thereof have been applied by him upon Otto's indebted-
ness in conformity with the terms of the contract, and
we are aware of no principle which can be invoked to
sustain a judgment in addition thereto upon the appeal
undertaking of the latter for the amount of such indebt-
edness.   That an action will lie on the appeal undertak-
ing of the plaintiff in replevin, to whom the property has
been delivered, upon his refusal to return the same after
final judgment for the defendant, upon which execution
has been returned unsatisfied, is not doubted.   The party
to whom has been awarded a return of the property, or
its value, or the value of his possession, as the case may
be, provided a return thereof cannot be had, is not re-
quired to resort to an action of replevin in order to reap
the fruits of the judgment in his favor.   But where, as
in this instance, instead of pursuing his remedy upon the
appeal undertaking, he recovers the property by means
of an action of replevin by reason of his original title

or right of possession, he will be held to have waived his
right to the alternative relief.   The fact that it was Gra-
ham, the mortgagee in the case at bar, instead of the de-
fendants in error, as his agents, who resorted to the pro-
cess of the court in order to recover the property cannot
be regarded as material.   It is sufficient, as already inti-
mated, that he, Graham, recovered such property while
the judgment for his benefit was in force, and disposed
of it in this manner and for the purpose contemplated by
the mortgage.   Although we have been referred to no
case arising out of a state of facts precisely similar to
those here involved, the principle which must govern in
the determination of the question presented was dis-
tinctly recognized in *Rinker v. Lee*, 29 Neb., 783.   In the
case cited, which was a suit below upon a replevin bond
executed by Rinker as plaintiff in favor of Lee as defend-
ant, it was shown that the property in controversy was,
subsequent to the delivery thereof to the former, taken
from his possession and delivered to Lee by means of a
writ of replevin in an action wherein one Bentley was
plaintiff and the said Rinker was defendant.   The court,
by NORVAL, J., in commenting upon the foregoing facts
when urged as a defense by Rinker in the action upon his
undertaking, said: "The condition of the replevin under-
taking is 'that the said Avalon R. Rinker, plaintiff, shall
duly prosecute his action, and pay all the costs and dam-
ages which may be awarded against him, and shall return
said property to said defendant in case judgment for the
return thereof shall be rendered.'   The damages and
costs recovered in the replevin suit have been paid.
When the property came again into the possession of
Lee, the condition of the replevin bond to return the prop-
erty was fulfilled.   The mules having been taken from
the possession of Rinker and delivered to the plaintiff,
makes it impossible for the defendants to literally comply
with the judgment for their return.   It appearing that
during the pendency of the replevin suit the property
came into the possession of Lee, in as good condition and

as valuable as when replevied, he cannot afterward maintain an action for its value." In addition to the cases cited in support of the conclusion there reached, our attention is directed to *Harrow v. Ryan*, 31 Ia., 156, in which it was held that where property replevied is restored to the possession of the defendant before the determination of his rights with respect thereto, such fact will defeat his claim for the value of the property in an action on the replevin bond, whether the restoration be through the act of the plaintiff or by means of legal process.

The recovery by Graham of the property under the mortgage, and the disposition thereof by him, amounted, as we have seen, to a satisfaction of the judgment in the replevin suit, except as to unpaid costs and damages. It follows that the district court erred in permitting the defendants in error to recover upon the replevin bond for the value of their possession as determined in the replevin suit, for which the judgment must be reversed and the cause remanded to that court.

REVERSED.