HENRY B. SHULL, CORONER, ET AL. V. JOHN BARTON, SHERIFF, ET AL.

FILED NOVEMBER 17, 1898. No. 8377.

1. **Officers: CORONER: APPROVAL OF REPLEVIN BOND: JUSTIFICATION: NEGLIGENCE.** The failure of a coroner to cause the surety on a replevin bond to justify as "bail on arrest," in accordance with section 189 of the Code of Civil Procedure, is not conclusive evi- dence of the coroner's negligence in approving such replevin bond, nor of his failure to perform an official duty. That pro-

vision of said section was rendered inoperative by the repeal of chapter 1, title 8, Code of Civil Procedure. (Session Laws 1887, p. 654, ch. 99.)

2. ——: ——: ——: ——: ——. A coroner's causing the surety on a replevin bond to justify according to the provisions of such repealed statute is not of itself a protection to him from liability for negligently approving an insufficient replevin bond.

3. ——: APPROVAL OF REPLEVIN BOND: DAMAGES. Since no statute exists prescribing before whom the surety on a replevin bond shall justify, nor what facts shall be made to appear to protect the officer in approving the bond, it follows that, when the sureties on a replevin bond are excepted to, the officer approves the replevin bond at his peril.

4. ——: ——: ——. That an officer acts in good faith in approving a replevin bond will not of itself protect him from liability for negligence in the premises.

5. ——: ——: ——. If an officer negligently approve a replevin bond signed by insolvent or insufficient sureties, and damages result, he is liable.

6. ——: ——: ——. If the bond when approved is good, subsequent insolvency of the surety will not render the officer liable.

7. ——: ——: ——. The mere taking by an officer of the affidavit of the surety on a replevin bond that he is the owner of real estate situate in the county where the replevin action is pending, not exempt from execution, and of twice the value of the replevied property, will of itself not protect the officer from liability if the bond proves insufficient.

8. ——: ——: ——. The officer, before approving a replevin bond, in the absence of his own knowledge, should make such investigation and inquiry concerning the financial standing and solvency of the surety as a reasonably prudent man would make before extending credit to the surety to the amount of the bond.

9. Coroner: APPROVAL OF INSUFFICIENT REPLEVIN BOND. Evidence examined, and *held* to establish that a coroner was guilty of negligence in approving an insufficient replevin bond.

10. ——: ——: ACTION FOR DAMAGES: DEFENSE. Where a creditor attaches personal property as that of his debtor, and it is taken in replevin from the sheriff and delivered to the claimant, the statutory bond being given and approved, and the creditor, pend· ing the replevin suit, causes the same property to be taken on execution for the same debt for which he had attached it, such seizure of the property on execution is a defense for the coroner in a suit against him by the creditor for negligently approving an insufficient replevin bond.

11. ———: ———: ———: ESTOPPEL. In such a suit the creditor cannot be heard to say that the seizure of the property on execution was void.

12. Attachment: EXECUTION: SEIZURE OF PROPERTY IN CUSTODIA LEGIS. When attached property is replevied and delivered to the claimant, and the replevin bond required by statute is given and approved, then that property, pending that replevin action, cannot be lawfully taken by attachment or execution at the suit of the plaintiff who has attached it.

13. ———: ———: REPLEVIN BOND: APPROVAL: LIABILITY OF OFFICER. In such a case the replevin bond takes the place of the property, and the party who has attached it must follow the replevin action to final judgment, and if successful, and the property be not returned, satisfy his judgment by execution, and, failing in this, look to the replevin bond for indemnity, and, if this proves worthless, to the official bond of the officer for negligently approving an insufficient replevin bond, if such was the fact.

14. Approval of Insufficient Replevin Bond: ACTION AGAINST OFFICER: PARTIES. A sheriff, from whom attached property has been replevied, on the termination of the replevin suit in his favor, and the return unsatisfied of an execution issued on the judgment, cannot maintain an action against the officer, who served the replevin writ, for negligently approving an insufficient replevin bond whereby the creditor for whom the sheriff acted lost his debt.

15. ———: ———: ———. In such case the creditor, and not the sheriff, is the real party in interest.

16. ———: ———: ———: SUIT ON BOND: SHERIFF. In such case the sheriff might maintain an action on the replevin bond, as he is the obligee named therein and trustee for the attaching creditor.

17. ———: ———: ———. Two or more creditors who have lost their several claims against a debtor and their attachment liens against his property, because a coroner negligently approved an insufficient bond in a replevin suit, by which the attached property was taken from the sheriff holding the writs of attachment, cannot join as plaintiffs in a suit against such coroner for damages for negligently approving such replevin bond.

ERROR from the district court of Saline county. Tried below before BUSH, J. *Reversed.*

The facts are stated by the commissioner.

*W. H. Morris,* for plaintiffs in error:

In arguing the point that the coroner is not liable for

negligence in approving the replevin bond, and that he is protected by the justification of the sureties, references were made to the following cases: *Wilson v. Williams,* 18 Wend. [N. Y.] 585; *Westervelt v. Bell,* 19 Wend. [N. Y.] 531; *Thomas v. Edgerton,* 36 Neb. 254; *Spring Valley Water Works v. San Francisco,* 22 Cal. 434; *Sika v. Chicago & N. W. R. Co.,* 21 Wis. 370; *Turney v. Wilton,* 36 Ill. 385; *People v. Clunie,* 70 Cal. 504; *Kugler's Appeal,* 55 Pa. St. 123; *McKnight v. Crinnion,* 22 Mo. 559; *Newman v. City of North Yakima,* 34 Pac. Rep. [Wash.] 921; *Northfield Knife Co. v. Shapleigh,* 24 Neb. 639; *Dennistown v. Draper,* 5 Blatch. [U. S.] 336; *Brock v. Hopkins,* 5 Neb. 231.

The sheriff repossessed himself of the property, and hence all conditions of the replevin bond, for a return of the property, had been complied with. The sureties on the replevin bond were released; hence, even if the coroner would have been otherwise liable, no cause of action existed against him. (*Caldwell v. Gans,* 1 Mont. 570; *Hunt v. Robinson,* 11 Cal. 262; *Kayser v. Bauer,* 5 Kan. 204; *Demers v. Clemens,* 2 Mont. 385; *Rinker v. Lee,* 29 Neb. 784; *Bowman v. First Nat. Bank,* 36 Neb. 117; *Nosser v. Corwin,* 36 How. Pr. [N. Y.] 540.)

The plaintiff in a replevin action becomes only a custodian of the property in place of the officer. The property is at all times until the final determination of the action in the custody of the law and subject to the proper control of the court under whose process the same has been taken, and the replevin changes only for the time being the manual possession of the same. (*Rhines v. Phelps,* 3 Gil. [Ill.] 455.)

An officer claiming title to property under a process in his hands must show a valid unpaid judgment. (*Beach v. Botsford,* 1 Doug. [Mich.] 199; *Adams v. Hubbard,* 30 Mich. 104.)

*Hastings & Sands, contra:*

An officer is responsible for the insufficiency of the sureties upon a replevin bond in case he does not have

the sureties justify in the method pointed out by the statute. (22 Am. & Eng. Ency. Law, 551; *Miner v. Coburn,* 4 Allen [Mass.] 136.)

When a statute directs the manner in which a thing is to be done, it shall not be done in any other manner. (*Commissioners of Shawnee County v. Carter,* 2 Kan. 115; *Morrill v. Taylor,* 6 Neb. 236.)

An officer is liable for negligence, where he does not execute a writ in the method provided by law. (*Miller v. Roby,* 9 Neb. 471; *Hubbard v. Elden,* 43 O. St. 380.)

If a sheriff wastes the property on which he levies, or it is lost or destroyed through his neglect or misconduct, or the neglect or misconduct of the plaintiff, the judgment will be satisfied. But if without the fault of the plaintiff or of the officer the levy does not produce a sum sufficient to satisfy the execution, the plaintiff is entitled to proceed for so much as remains unpaid, the same as though no levy had been made. (*Barret v. Thompson,* 5 Ind. 457; *Reynolds v. Cobb,* 15 Neb. 382; *Rickards v. Cunningham,* 10 Neb. 419; *Hicok v. Coates,* 2 Wend. [N. Y.] 419; *Vroman v. Thompson,* 16 N. W. Rep. [Mich.] 808; *Godman v. Boggs,* 12 Neb. 19.)

Where property is never taken from the possession of the defendants, or where, after being taken, it is restored to him at his request, or through any act for which he is responsible, or in which he acquiesces, the levy does not operate as a satisfaction. (2 Freeman, Executions sec. 269; *Ford v. Skinner,* 4 O. 378; 7 Am. & Eng. Ency. Law 157.)

So long only as the property levied on remains in the custody of the law, other remedies of a creditor are suspended. The mere levy neither gives anything to the creditor nor takes anything from the debtor. (*People v. Hopson,* 1 Den. [N. Y.] 574; 2 Freeman, Executions sec. 269.)

*E. E. McGintie,* also for defendants in error.

RAGAN, C.

Henry B. Shull and others have filed a petition in error

here to review a judgment of the district court of Saline county recovered against them by John Barton and others. To a proper understanding of the points decided here it is necessary to make a statement of some of the undisputed facts disclosed by the record. The plaintiff in error Shull is the coroner of Saline county. The other plaintiffs in error are the sureties on his official bond. In July, 1891, a copartnership under the name of Foster & Ayres was conducting a mercantile or drug business in De Witt, in said county. On that date Coe & Co., Brittain-Smith & Co., Midland Coffee & Spice Company, Funke & Ogden, Raymond Bros., The American Hand-Sewed Shoe Company, and one Warren E. Ayres, all of which parties will hereinafter be denominated the seven creditors, each brought a suit against Foster & Ayres in the county court of said county, and each caused a writ of attachment to be issued and placed in the hands of the sheriff of said county. The sheriff, by virtue of these several writs of attachment, seized the mercantile stock of Foster & Ayres. Thereupon Lafayette M. Foster and Jennie A. Foster, his wife, doing business as Foster & Co., brought a replevin action against the sheriff for the goods which he held under the attachment writs, and by the process issued in that action all the goods held by the sheriff were taken and delivered to Foster & Co. The coroner, plaintiff in error here, executed the replevin writ. The sheriff, who was made sole defendant in the replevin suit, gave notice to the coroner of exceptions to the sufficiency of the sureties who had signed the replevin bond of Foster & Co.; and thereupon the surety who had signed the replevin bond made affidavit that she was a resident of Saline county; that she owned real estate therein not exempt from execution of the value of $2,500. This affidavit the surety delivered to the coroner. Indeed it was sworn to before him, and he at once approved the bond or undertaking in replevin. About August 1 of said year the seven creditors obtained judgments in the county court on their claims against Foster

50

& Ayres. The county judge issued executions upon these judgments, or some of them, and they came into the hands of the sheriff, and he at once levied them upon the same property which he had attached and which had been replevied, and delivered to Foster & Co.; and by virtue of said executions he again took into his possession said mercantile stock. The goods were again by an action of replevin taken from the possession of the sheriff. When the sheriff levied the execution upon the mercantile stock the replevin action brought by Foster & Co. was pending and undecided. This replevin action proceeded to trial and the sheriff had judgment for a return of the replevied property or its value in money. The replevied property was not returned. The sheriff caused an execution to be issued upon his judgment, and this was returned wholly unsatisfied. The sheriff and the seven creditors then brought this action in the district court of Saline county against the coroner and the sureties on his official bond. For cause of action they set out the claims of the seven creditors against Foster & Ayres; the seizing of the latter's property by writs of attachment; its having been taken from the sheriff on the writ of replevin in favor of Foster & Co.; the approval of the undertaking in replevin by the coroner; the reduction of the claims of the seven creditors against Foster & Ayres to judgment; that the judgments were wholly unpaid; the prosecution of the replevin action to judgment in favor of the sheriff; the return of an execution issued on such judgment unsatisfied; the insolvency of Foster & Co. and the surety on their replevin bond as a reason why they had not brought suit on said bond, and averred that at the time the coroner approved of the replevin bond the surety thereon was then and there insolvent; and that the coroner negligently approved said bond, by reason whereof the said seven creditors had lost their liens upon the attached property, and lost the full amount of their claims against Foster & Ayres. On the trial in the district court the coroner and his sureties de-

murred to the petition of the sheriff and the seven cred-
itors on the ground that there was a defect of parties
plaintiff and that several causes of action were improp-
erly joined in the petition. This demurrer was overruled
and the coroner and his sureties then filed an answer
to the petition, in which, among other things, they
averred that there were several causes of action improp-
erly joined in the petition and that there was a mis-
joinder of parties plaintiff. On the trial the coroner and
the sureties offered in evidence the executions already
alluded to, which had been issued by the county court
in favor of the seven creditors against Foster & Ayres,
and offered to show that the sheriff had by virtue of
these executions seized the same property which the
seven creditors had formerly attached as the property
of Foster & Ayres, and which had been taken from the
possession of the sheriff in the replevin action. The rec-
ord presents but three questions which we deem it abso-
lutely necessary to notice.

1. It is contended first in behalf of the coroner that
the uncontradicted evidence shows that he acted in good
faith in approving the replevin bond, and that he is not
liable simply for negligence. The evidence is undisputed
that the sheriff duly notified the coroner that he objected
to the sufficiency of the surety on the undertaking in re-
plevin; that the only inquiry or effort which the coroner
made to ascertain if that surety was sufficient was that
he took and relied upon the surety's affidavit, filed with
him, in which the surety stated that he was the owner
of real estate in the county not exempt from execution
of the value of $2,500; that the averments of this affi-
davit were absolutely and unqualifiedly false; but the
evidence does not show that the coroner acted in bad
faith in approving this undertaking. It does show be-
yond peradventure that he was guilty of negligence in
the premises. Section 189 of the Code of Civil Procedure
provides that when an officer is notified by a defendant
in replevin that he excepts to the sufficiency of the sure-

ties on a replevin bond, then the surety must justify in
the same manner as "bail on arrest." At the time this
provision of the Code was adopted there was in force in
this state a statute which permitted the arrest of a de-
fendant in a civil action for debt; that the defendant so
arrested might, at any time before judgment, be released
by causing one or more sufficient bail to execute an
undertaking to the plaintiff to the effect that if the judg-
ment should be rendered in the action against the de-
fendant he would render himself amenable to the pro-
cess of the court. The statute further provided that the
plaintiff might object to the sufficiency of the bail given,
and that if he did so the sheriff should require the bail
to justify. The statute further provided that the bail
should justify by appearing before a proper officer at a
time and place mentioned for examination by him under
oath, touching his sufficiency as bail, in such manner
as such officer might think proper. It seems to have been
the purpose and intention of this statute that the sheriff
should not be liable for having taken an insufficient bail,
provided it justified as required by the statute. In other
words, if the officer before whom the bail appeared for
justification approved it, this was a protection to the
officer. (See General Statutes 1873, p. 547.) But this
statute was repealed by the legislature of 1887. (See
Session Laws 1887, p. 654.) Since no statute exists in
this state authorizing the arrest of a defendant in a civil
action for debt, the provision of section 189 of the Code,
which provides that the surety in a replevin bond must
justify in the same manner as bail on arrest, is meaning-
less. Neither the common law nor the old English stat-
utes permitted a sheriff to admit to bail one arrested in
a civil action for debt, and exonerate himself from lia-
bility to the plaintiff for the escape of the defendant by
having the bail for the defendant justify. But the rule
at common law was that if the defendant, after being ar-
rested, was admitted to bail by the sheriff, and then failed
to appear, the sheriff and the sureties on his official bond

were liable to the plaintiff for his debt. (3 Blackstone, Commentaries [Chitty's ed.] 290.) We conclude,. therefore, that, where exceptions are taken to the sureties on a replevin bond, the officer is not obliged to cause the sureties to justify in the manner which the old statute required bail on arrest to justify; and the officer's failure to cause the sureties to so justify does not necessarily and of itself render him liable to the defendant in the replevin action. Nor do we think that if the officer should require the sureties on the replevin bond to justify in the same manner as the old law required "bail on arrest" to justify, he would thereby unconditionally release himself from liability by reason of the insufficient surety on the replevin bond. Section 189 of the Code of Civil Procedure provides that the sheriff or other officer shall be responsible for the sufficiency of the sureties, if excepted to, until they justify; and since no statute exists which prescribes before whom the surety shall justify, nor what facts shall be made to appear to protect the officer, it follows that when the sureties on the replevin bond are excepted to the officer approves the replevin bond at his peril. He must of course always and at all times act in good faith. But good faith alone will not protect him. (*People v. Core*, 85 Ill. 248.) If the surety on the replevin bond, when approved, is then good, solvent, and sufficient, subsequent insolvency of the surety would not render the officer liable. But to escape liability for an insufficient surety on a replevin bond after it has been excepted to, and the officer had notice thereof, he must not be guilty of negligence; and if he negligently approve a replevin bond which is signed by insolvent or insufficient sureties he is answerable for the consequences. (*People v. Core*, 85 Ill. 248; *Sparhawk v. Bartlet*, 2 Mass. 188; *Young v. Hosmer*, 11 Mass. 88; *Rayner v. Bell*, 15 Mass. 377.) The mere taking by the officer of the affidavit of the surety that he, the surety, is the owner of real estate situate in the county where the replevin action is pending, not exempt from execution, of twice the

value of the replevied property, is of itself not enough to justify the officer in approving the replevin bond, and such affidavit will not of itself protect the officer from liability for an insufficient bond. In such a case it would seem that the officer should make inquiries of persons likely to know as to the financial standing, solvency, and property of the surety. He might require the surety to schedule his assets and liabilities, and with this in hand he should make such examination of public records and investigations and inquiries as a reasonably prudent man would make before extending credit to the surety to the amount of the bond. In the case at bar the coroner did nothing,—made no inquiries, instituted no search,— to ascertain the financial standing and worth of the surety on the replevin bond. He did not require the surety to furnish him a schedule of his assets and liabilities. He simply rested satisfied with the voluntary affidavit of the surety as to the worth of the property which he owned. This was not enough to protect the coroner from liability. He was guilty of negligence.

2. But we think the district court erred in refusing to permit the coroner to introduce in evidence the executions issued by the county court based on the judgments rendered in favor of the seven creditors against Foster & Ayres. These executions and the return of the officer thereon tended to show that the seven creditors, or some of them, had by virtue thereof seized the identical property which they had previously attached. If the seven creditors who brought this action, by virtue of the executions from the county court, took the identical and all the property which they had previously attached, then they have no cause of action against the coroner for approving an insufficient bond. How can it be said that they have lost the property which they attached because of the coroner's approving an insufficient replevin bond therefor when by another legal process, namely, an execution, they subsequently became possessed of the same property for the satisfaction of the same debt for which

they had attached it?  It is true that the levy of this exe-
cution by the sheriff and the seven creditors upon this
property which had been attached and then replevied
was void; that they and each of them were trespassers
and, probably, in contempt of court because thereof.
But they are in no position here to take advantage of
their wrongful act.  There is no conflict of authority
upon the proposition that when property has been at-
tached and then replevied, the plaintiff in the attach-
ment, while the replevin suit is pending, cannot levy an
execution or attachment thereon.  Indeed, some authori-
ties go so far as to say that property attached and then
replevied is in custody of the law, and while the replevin
action is pending cannot be seized  on attachment or ex-
ecution at the suit of any person.  (*Bates County Nat.
Bank v. Owen*, 79 Mo. 429.)  But every court to which the
question has been presented, we think, has denied the
right of a plaintiff who has attached property after it
had been replevied from him, and while the replevin ac-
tion was pending, to levy another attachment or execu-
tion upon it.  We cite a few of the cases:  *Goodheart v.
Bowen*, 2 Ill. App. 578; *Rhines v. Phelps*, 3 Gil. [Ill.] 455;
*Hagan v. Lucas*, 10 Pet. [U. S.] 399; *Pipher v. Fordyce*, 88
Ind. 436; *Acker v. White*, 25  Wend. [N. Y.] 614; *Selleck
v. Phelps*, 11 Wis. 398; *Metzner v. Graham*, 57 Mo. 405;
*Bates County Nat. Bank v. Owen*, 79 Mo. 429.  Under our
statute, when attached property is replevied and deliv-
ered to the plaintiff in the replevin suit, and the replevin
bond required by statute is given and approved, then
that property, pending that replevin action, cannot be
taken in attachment or execution at the suit of the plain-
tiff who has attached it.  The reason is that the statute
makes the bond take the place of the property.  Many
courts give as a reason for this that the property is in
custody of the law.  We do not know whether this is the
correct reason, but certainly, under our statute, the bond
takes the place of the property.  The conditions of the
bond are that the plaintiff in the replevin suit will make

return of the property or pay its value in money if the judgment go against him. The party then who has attached property, if it be replevied from him or from the officer who executed his writ of attachment, must follow the replevin action to final judgment, and if successful satisfy his claim by an execution upon the judgment and, failing in that, look to the replevin bond, and, failing in this, to the negligence or bad faith of the officer in taking an insufficient replevin bond, if such were the facts.

3. As already stated, the plaintiffs below in this action were the sheriff of Saline county and the seven creditors who had attached the property of Foster & Ayres. The sheriff is not a proper party plaintiff in this action. He was the defendant in the replevin action, obtained a judgment in that action, and caused an execution to be issued thereon which was returned, "No property found." As the defendant in the replevin action he represented the seven creditors and was the proper defendant to that action. Doubtless he might have maintained a suit on the replevin bond for the satisfaction of the judgment which he obtained against the plaintiff in replevin, as he was the obligee in that bond, but that he did not do, because, as stated in the record, that bond is worthless. The replevin bond being worthless, and the execution issued on the judgment rendered in the replevin action having been returned "No property found," the sheriff had no further connection with the controversy. He had discharged his duties, and all of his duties, in the premises. He cannot maintain an action against the coroner for damages for approving an insufficient replevin bond. He is not the real party in interest. The seven creditors have not a joint action against the coroner for approving an insufficient replevin bond, and they cannot unite as plaintiffs in such an action. If the coroner approved an insufficient replevin bond and any one of the seven creditors sustained damage thereby, then a cause of action arose in favor of such creditor against the coroner and the sureties on his official bond. But these creditors are

not ·agents, one for the other, so that one may bring an action for all; nor may all of them jointly bring such an action. The judgment of the district court is reversed and the cause remanded with instructions to dismiss the action so far as the sheriff of Saline county is concerned, and with permission to each of the seven creditors to docket a separate action against the coroner and his sureties, and for such other proceedings as are according to law.

REVERSED AND REMANDED.