HENRY B. SHULL, CORONER, ET AL. v. JOHN BARTON, SHERIFF, ET AL.

| 58 | 741 |
| s62 | 572 |
| s62 | 575 |

FILED JUNE 21, 1899.    No. 8377.

1. **Statutes: ADOPTION: REPEAL.** Where one statute refers to another, which is subsequently repealed, the statute repealed becomes a part of the one making the reference and remains in force so far as the adopting statute is concerned.

2. **Replevin Bond: JUSTIFICATION: STATUTES: CONSTRUCTION.** The provisions of section 189 of the Code of Civil Procedure, which provide that when an officer is notified by a defendant in replevin that he excepts to the sureties on a replevin bond the sureties must justify "upon notice as bail on arrest," was not rendered inoperative by the repeal of title 8, chapter 1, Code of Civil Procedure.

3. ————: **ACTION AGAINST APPROVING OFFICER: DEFENSE.** In an action against an officer for approving an insufficient replevin bond, the fact that the plaintiff afterward seized the property on execution is a defense *pro tanto*,

4. ———: ———: PARTIES. When property was replevied from a sheriff who held under a writ of attachment, the sheriff, in his own name or by joining with the attachment creditors, may maintain an action against the replevying officer for negligently approving the replevin bond.

5. **Evidence:** DOCUMENTS. It is not reversible error to exclude documentary evidence when the same has already been introduced by the other party.

6. **Instructions:** ISSUES. It is error to give an instruction which withdraws from the consideration of the jury a material issue of fact in the cause.

REHEARING of case reported in 56 Neb. 716.  *Judgment below reversed.*

· *W. H. Morris,* for plaintiffs in error.

*Hastings & Sands, contra.*

NORVAL, J.

This cause was decided at the last term, when an opinion was filed reversing the judgment below. (56 Neb. 716.) A rehearing was allowed, and a second submission taken. The facts, with sufficient clearness and fullness, are stated in the former opinion and need not be restated at this time. Certain of the legal propositions enunciated on the former hearing are assailed by counsel for plaintiffs below in language quite forcible, and not entirely courteous to this court.

It was the judgment of this court that the failure of the coroner to require the sureties on the bond given by the plaintiffs in replevin to justify as "bail on arrest," pursuant to section 189 of the Code of Civil Procedure, was not conclusive evidence of the negligence of the coroner in approving such bond, for the reason said section became inoperative by the repeal of chapter 1, title 8, of said Code, relative to arrest and bail. Upon a consideration of the subject anew the court is satisfied that the doctrine stated is unsound, and it recedes therefrom. While it is true that the legislature of 1887 (Session

Laws 1887, ch. 99, p. 654) repealed the provisions of the
Code of Civil Procedure on the subject of arrest and bail,
it does not follow that such repeal rendered inoperative
that portion of section 189 of said Code which requires
that when a defendant in replevin shall except to the
sureties on a replevin bond "the sureties must justify
upon notice as bail on arrest,"—that is, justify in the
same manner as was provided in case of bail given for
the release of a debtor from arrest.   Said chapter 1, title
8, of said Code was in force and effect when said section
189 became operative, and the latter having referred to
the former, and by such references made its provisions
a part thereof to the same extent as had the same been
incorporated therein, we are satisfied, upon principle as
well as authority, that the repeal of said chapter 1, title
8, had no effect upon said section 189.   (Sedgwick, Con-
struction of Statutory & Constitutional Law 229; *Turney
v. Wilton*, 36 Ill. 385; *Sika v. Northwestern R. Co.*, 21 Wis.
370; *Wick v. Ft. Plain & R. S. R. Co.*, 50 N. Y. Supp. 479;
*Ex parte Crow Dog*, 109 U. S. 556; *Viterbo v. Friedlander*,
120 U. S. 726; *In re Wilson*, 140 U. S. 578.)   In Endlich on
Interpretation of Statutes the author at section 492 states
the rule thus: "Where the provisions of a statute are
incorporated by reference in another, where one statute
refers to another for the powers given or rules of proced-
ure prescribed by the power, the statute or provision
referred to or incorporated becomes a part of the refer-
ring or incorporating statute, and if the earlier statute
is afterwards repealed, the provisions so incorporated,
the powers given, or rules of procedure prescribed by the
incorporated statutes obviously continue in force so far
as they form a part of the second enactment."   The text
is fully sustained by the adjudicated cases, and we take
the first opportunity of getting in line therewith by over-
ruling what we said upon that subject in the former
opinion filed herein.   The sureties on a replevin bond,
therefore, must justify "upon notice as bail on arrest."
It is obvious that the conclusion reached on this point at

the former hearing did not control the determination of
the cause, since it was held that the coroner was guilty
of negligence in approving the replevin bond. Neverthe-
less it is important that we stand on the right side of the
proposition.

We are now convinced that we fell into another grave
error when we said in the fourteenth paragraph of the
syllabus that "A sheriff, from whom attached property
has been replevied, on the termination of the replevin
suit in his favor, and the return unsatisfied of an execu-
tion issued on the judgment, cannot maintain an action
against the officer, who served the replevin writ, for negli-
gently approving an insufficient replevin bond, whereby
the creditor for whom the sheriff acted lost his debt."
By virtue of the seizure, under the writ of attachment,
the sheriff acquired a special interest in the property re-
plevied; and if he could have maintained a suit on the
replevin undertaking or bond, as we said he might, it is
difficult to perceive why he might not, in a proper case,
recover for the approval, by the officer serving the re-
plevin writ, of an insufficient bond. In 2 Freeman, Execu-
tions, section 268, the doctrine is aptly stated in the fol-
lowing language: "But the moment that a levy is made
the rights and remedies of the officer are materially
changed; or, more accurately speaking, he from that
moment is vested with rights and entitled to remedies
to which he could before urge no valid claim. He is en-
titled to retain such possession and control of the prop-
erty as may be necessary to make it productive under the
writ. The law, therefore, concedes to him, as to a bailee, a
special property in the goods in his custody. It gives
him all the legal remedies needed to maintain his rights
and to secure him indemnity for their invasion. If the
property is taken from him, or if, being left by him in
the possession of another, it is taken from such possession
by any one, or is converted by the custodian, the officer
may sustain an action of replevin, trespass, or trover,
just as the owner of an absolute title could do in like

circumstances. He may maintain either of these actions against the defendant as well as against a stranger to the suit. The officer's title is dependent for its continuance upon the continuing of the necessity of holding the property to answer the purposes of the writ. If the judgment should be satisfied, or if from any cause it should cease to be in force, or if the levy should be set aside, the officer would no longer have the right to withhold possession from the defendant. As against the general owner, the special property of the officer would be terminated; but as against strangers to the title, the special property continues until the officer can redeliver the property to the defendant." The foregoing statement of Mr. Freeman correctly enunciates the law, and applying the doctrine to the case at bar the conclusion is irresistible that the sheriff could maintain this action in his own name. The other plaintiffs, being the attaching creditors, were properly joined under sections 40, 42, and 50a of the Code of Civil Procedure. This court is committed to the doctrine that two parties having separate and distinct claims to the possession of the same property may join in an action of replevin therefor. (*Earle v. Burch*, 21 Neb. 702; *Jones v. Loree*, 37 Neb. 816.) If joinder is permissible in replevin by plaintiffs who have successive interests in the same property, evidently the attaching creditors, whose interests and rights arise by virtue of the levy of the writs of attachment on the property, were properly joined with the sheriff as parties plaintiff.

That portion of the former opinion is assailed which held that error was committed by the trial court in not permitting the coroner to introduce the executions issued on the judgments in favor of the seven creditors. There were six instead of seven executions, as erroneously stated in the former opinion, and only three of them were in favor of parties to the record. In speaking of the exclusion of the executions the rule was stated to be that where attached chattels are replevied from the sheriff and delivered to the claimant, and the attaching

creditor, pending the replevin action, causes them improperly to be taken on executions to pay the debt for which the attachment issued, such seizure under the execution is a defense in favor of the officer who executed the replevin writ in a suit against him by the creditor for negligently approving an insufficient replevin bond. The retaking of the identical property by the sheriff under the executions might or might not be a competent defense in favor of the coroner for the approval of an insufficient bond. If the chattels were in the same condition and of the same value as at the time the same were seized under the replevin writ, the defense would be complete; otherwise it would not be. (*Rinker v. Lee,* 29 Neb. 783; *Otto v. Burch,* 50 Neb. 894.) The taking of the property by the sheriff would constitute a defense *pro tanto,* and we erred in holding on the former hearing that the levy of these executions defeated a recovery in the present action.

It is argued that the answer of the defendants below does not allege that any of the property retaken by the sheriff under the executions was finally held or sold by him. It was unnecessary to allege or prove the retention and sale of the property by the sheriff. The taking of it from the coroner constituted a defense *pro tanto* in an action by the former against the latter for approving an insufficient replevin bond. It is said that property, after it was taken under the executions, was subsequently turned over to the coroner under a second replevin writ. Whether this, if true, were material or not, it is unnecessary to decide, since no such issue was raised by the pleadings in the case. The answer set up the seizure of the property in question by the sheriff under the executions, and this averment was controverted by a general denial. There was no allegation in the reply that the coroner subsequently became possessed of the same property, but the issue was whether the sheriff had levied executions upon the property after it had been taken from him under the replevin writ. We are now persuaded that the exclusion of the executions, when offered in evidence by the

coroner, was not reversible error, for the reason copies of these writs had already been introduced in evidence by the plaintiffs below. (*Ford v. State*, 46 Neb. 390; *Barr v. City of Omaha*, 42 Neb. 341; *Hurlburt v. Rosenbalm*, 49 Neb. 498; *Denise v. City of Omaha*, 49 Neb. 750.)

The court below, at the request of plaintiffs, gave the following instruction, to which the defendants duly excepted: "Gentlemen of the jury: You are instructed that after the facts agreed upon by the parties in this case and the admissions of the pleadings, and the view taken by the court as to the law controlling this case, there are not many questions left for you to pass upon. The question will be whether or not the coroner, in the replevin action of Foster & Co. against Barton, took an insufficient bond, and that by reason of the insufficiency of such replevin bond the plaintiffs in this cause were unable to procure the return of the property or the value thereof. Your verdict will be for the plaintiffs if you find he did, from the evidence of the case, and you will assess the plaintiffs' damages at $2,200, with interest at seven per cent from the 10th day of July, 1891, to the 16th day of September, 1895, but your verdict not to exceed the amount of the coroner's bond, $5,000." The giving of this instruction was prejudicial error, for which the judgment must be reversed. It submitted to the jury whether the coroner took an insufficient replevin bond, and whether, by reason thereof, plaintiffs were unable to obtain a return of the property. It, in effect, withdrew from their consideration every other issue, and especially the conceded fact that the sheriff did obtain possession of the identical property under the executions. The instruction ignored the defendants' theory of the case based upon the pleadings and evidence. The judgment of the district court will stand

REVERSED.