REQUESTED BY: Senator Chris Beutler Member of the Legislature 804 State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
For the purpose of determining whether legislative action is required, you ask whether political subdivisions, particularly technical community colleges, are authorized to purchase `retail repurchase certificates' offered by Mutual Federal Savings and Loan Associations. We conclude that they are not.
As you explain `retail repurchase certificates,' they are instruments issued pursuant to 12 U.S.C. § 1464(b)(2), which provides:
 To such extent as the Board may authorize by regulation or advice in writing, an association may borrow, may give security, may be surety as defined by the Board and may issue such notes, bonds, debentures, or other obligations, or other securities (except capital stock) as the Board may so authorize.
You quote some regulations of the board apparently implementing this statutory provision. As we understand it, the retail repurchase certificates involve a borrowing by the association from the holder of the certificate. The certificates are not insured by the Federal Savings and Loan Insurance Corporation, but are secured. The holder does not become a member of the association.
We immediately confront the question of a violation of Article XIII, Section 3 of the constitution, which provides in part: `The credit of the state shall never be given or loaned in aid of any individual, association, or corporation, except that the state may guarantee or make long-term, low-interest loans to Nebraska residents seeking adult or post high school education at any public or private institution in this state.'
Article XV, Section 17 provides that, notwithstanding Article XIII, Section 3, or any other provision of the constitution, the Legislature may provide for the investment of any state funds in such investments as it may by statute provide. That section also provides that the Legislature may authorize the governing body of political subdivisions to invest the retirement and pension funds of such political subdivisions in such investments as the governing bodies may determine, but subject to statutory limitations. The prohibition of Article XIII, Section 3 was held to apply to political subdivisions as well as to the state in Stateex rel. Beck v. City of York, 164 Neb. 223, 82 N.W.2d 269
(1957). Therefore, except as to retirement and pension funds, the Legislature could not authorize political subdivisions to lend their credit in aid of any association, including a savings and loan association. Lending the association money, as would be involved in the certificates in question, would, in our opinion, constitute the lending of credit, in violation of Article XIII, Section 3.
We also question the statutory authority of political subdivisions to make this sort of investment. It is true that Neb.Rev.Stat. § 77-2341 (Reissue 1976) provides that political subdivisions may invest surplus funds in `any securities in which the Board of Educational Lands and Funds is authorized by law to invest the educational funds of the state.' It is also true that Neb.Rev.Stat. § 72-202 (Reissue 1976) requires the funds of the Board of Educational Lands and Funds to be invested by the State Investment Officer pursuant to §§ 72-1237 to 72-1259, and that Neb.Rev.Stat. § 72-1246 (Supp. 1981) authorizes the State Investment Officer to `invest in investments of the nature which individuals of prudence, discretion, and intelligence acquire or retain in dealing with the property of another.' The argument of the savings and loan industry has been that this gives similar authority to political subdivisions of the state. We reject that argument. The issue is too complex to be fully discussed herein, but basically our position is that when § 77-2341 was adopted, authorizing the political subdivisions to invest in securities authorized to the Board of Educational Lands and Funds, it incorporated by reference the statutory provisions dealing with the investment authority of that board. Those provisions became a part of § 77-2341 just as though they had been set forth verbatim in that section.
Section 77-2341 was last amended in 1961. Therefore, to determine what investments it authorized, we must look to the statutory investment authority of the Board of Educational Lands and Funds in 1961. Suffice it to say that it did not include any such investments as we are talking about, and, indeed, could not have included such authority before the adoption of Article XV, Section 17 of the constitution in 1966.
The subsequent amendment of sections of the statutes changing the investment powers of the Board of Educational Lands and Funds did not operate to amend § 77-2341, which had incorporated statutory provisions as they then existed. See Shull v. Barton, 58 Neb. 741, 79 N.W. 732; KnoeflerHoney Farms v. County of Sherman, 193 Neb. 95,225 N.W.2d 855 (1975); Estate of Tetherow v. State, 193 Neb. 150,226 N.W.2d 116 (1975); and Hanson v. City of Omaha, 157 Neb. 768,61 N.W.2d 556 (1953). We are reinforced in this position by the fact that if the Legislature were to specifically give political subdivisions the broad investment powers indicated in § 72-1246 it would clearly be unconstitutional, in authorizing investments in stocks of corporations, in violation of Article XI, Section 1 of the constitution. SeeNebraska League of Savings and Loan Associationsv. Mathes, 201 Neb. 122, 266 N.W.2d 720 (1978).
The picture, so far as statutory authorization is concerned, is somewhat different with respect to technical community colleges. Neb.Rev.Stat. § 79-2644(15) (Supp. 1980) authorizes the boards of technical community colleges to invest funds of the colleges in those types of securities set forth in subdivisions (1) to (10) of § 72-1246. This provision makes it perfectly clear that the designated provisions of § 72-1246, as they existed at the time of the adoption of that language in § 79-2644, were incorporated by reference in the latter section, and that later amendments were not incorporated, since there are now no subdivisions (1) to (10) of § 72-1246. This is entirely consistent with our previous discussion on incorporation by reference.
We have examined Neb.Rev.Stat. § 72-1246 (Reissue 1976), and believe that none of the first ten subdivisions of that section would authorize the investment in question. There may be some question about subdivision 10, which authorizes investments in interest-bearing obligations of corporations having a rating of AAA, AA, or A, but we believe that no savings and loan associations in this state have such ratings.
We note, incidently, that subdivision 9 would authorize investments in accounts with savings and loan associations. So far as political subdivisions, including technical community colleges, are concerned, this would be in violation of the constitution, as held in Nebraska League of Savings andLoan Associations v. Mathes, supra.
It is therefore our conclusion that the investments you inquire about are forbidden to political subdivisions, including technical community colleges, by Article XIII, Section 3 of the constitution, and we also believe that they lack statutory authority to make such investments, in any event.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General