JOSEPH GARNEAU, JR., COMMISSIONER GENERAL, V.
EUGENE MOORE, AUDITOR OF PUBLIC ACCOUNTS.

·FILED MARCH 21, 1894.    No. 6741.

1. Claims Against State: DISALLOWANCE BY AUDITOR: AP-
   PEAL TO DISTRICT COURT: TRIAL.    On appeal to the district
   court from the disallowance of a claim by the state auditor,
   such claim must be presented and acted upon, upon the same
   proofs as were submitted in support thereof when the action of
   the auditor was had thereon.

2. Res Adjudicata.    When, by reason of the insufficiency of the
   statement or claim originally presented to the auditor, the ac-
   tion of the auditor was justifiable in disallowing the claim pre-
   sented, and the same has been affirmed in the district court, the
   rights of the claimant are not thereby adjudicated to such an
   extent as that he is precluded from afterwards presenting for al-
   lowance to the auditor aforesaid his claim properly to entitle
   him to an allowance of the same.

ERROR from the district court of Lancaster county.
Tried below before STRODE, J.

*Frank T. Ransom,* for plaintiff in error.

*George H. Hastings, Attorney General, contra.*

RYAN, C.

There were originally presented to the auditor of public
accounts of this state a large number of claims, which he
disallowed upon different grounds; mainly, however, be-
cause there were no vouchers accompanying the claims, and
because each was not approved by the commissioner general
of this state at the Columbian Exposition.    It appears
from very many of these claims that they have been pre-
sented apparently by individuals, and paid.    Probably
these payments were made by the commissioner general,
though there was no evidence that such was the fact when

they were presented to the auditor for allowance. The
auditor disallowed all the claims presented, and from this
disallowance an appeal was taken by the commissioner
general to the district court of Lancaster county. There
·was a trial had in the district court which resulted in the
affirmance of the action of the state auditor. From the
action of the district court, aforesaid, error proceedings
have been prosecuted to this court.

On the trial in the district court there was evidence
given as to the origin, history, and merits of each of the
claims which had been disallowed by the auditor. In the
case of *State v. Moore,* found in 37 Neb., 507, it was held
that the original vouchers must in all cases be sent to the
auditor, and that the commissioner should approve the
same before sending them. It was stated in that connec-
tion that "the auditor will then have the evidence of the
debt before him, and know whether it is such a claim as
the legislature has provided an appropriation for. If it
is, it is his duty to draw a warrant. If it is not, then he
should refuse. He is not to draw a warrant upon mere
estimates," etc. The district court had before it the ques-
tion simply whether or not the auditor properly disallowed
the claims as presented to him. It was not proper, after
an appeal to the district court from a disallowance of the
claims, to supply statements which should have accom-
panied the presentation of the claims in the first instance to
the auditor, and in consideration of which he might have
reached a different conclusion from that which he did at-
tain. The district court, therefore, properly sustained the
action of the auditor in respect to those claims. It is but
proper, however, to say in this connection that by this it
is not held .that such rights as Mr. Garneau may be able
to show upon proper statements as to the claims presented
to, and disallowed by, the auditor are by this judgment to
be deemed finally adjudicated. On the contrary, if Mr.
Garneau can hereafter by proper averments make relevant

proofs in reference to any of the claims involved in his appeal to the district court, which we have now under consideration, he has the right to do so, with the same effect as he might have presented them in the first instance. The judgment of the district court is

AFFIRMED.

POST, J., not sitting.