STATE OF NEBRASKA, EX REL. SOCIETY OF THE HOME FOR THE FRIENDLESS, V. JOHN F. CORNELL, AUDITOR OF PUBLIC ACCOUNTS, ET AL.

FILED MARCH 3, 1898.    No. 9723.

1. Claims Against State: APPEAL FROM DECISION OF AUDITOR: MANDAMUS. For the disallowance of a claim against the state by the auditor the law furnishes an adequate remedy by appeal. Mandamus will not issue to compel the auditor to issue a warrant for a claim which he has disallowed, and this whether the reasons given by him for its disallowance be good or bad.

2. Mandamus: PARTIES AND CAUSES: JOINDER. In a single proceeding several writs of mandamus, directed to different respondents, requiring the performance of different acts, cannot be granted.

ORIGINAL application for mandamus.    *Writ denied.*

*J. H. Broady* and *H. A. Babcock*, for relator.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy Attorney General, contra.*

*J. R. Webster, amicus curiæ.*

IRVINE, C.

This is an original application for a writ of mandamus, against the auditor of public accounts and the members of the boards of purchase and supplies and public lands and buildings. The application sets out at length the history of the Society of the Home for the Friendless and the legislation with regard thereto, which has been stated briefly, but sufficiently for present purposes, in *State v. Williams*, 54 Neb. 154, decided herewith. It shows that after the passage of the act of 1897, referred to in the case just cited, the relator, in accordance with an established custom in that respect, made and presented to the board of purchase and supplies estimates for the purposes included in the appropriation for the Home for the Friendless to aid in the maintenance of the institution for the quarter commencing October 1, 1897; that said board refused to act on the same; but, that the relator from its own private means maintained the institution, and procured supplies to be furnished and services to be performed to maintain it; that bills and vouchers for supplies furnished said institution and for services of employés, for the preceding quarter, were duly presented to the board of public lands and buildings and that board refused to act thereon; that said vouchers were then presented to the auditor, "who examined and rejected them because not approved by the board of public lands and buildings." The prayer is for a writ of mandamus requiring the auditor to draw his warrants for the bills and vouchers so presented, and in case the court should hold that the action of the boards should first be had, for a writ requiring the board of public lands and buildings to act upon said vouchers, and to examine, audit, and approve the same, and to require the board of purchase and supplies to act upon the estimates for the quarter commencing October 1, 1897. The respondents have demurred to the application.

So far as the case concerns the action of the auditor we

are of the opinion that the writ cannot be allowed on the showing made.   The constitution provides (art. 9, sec. 9): "The legislature shall provide by law, that all claims upon the treasury shall be examined and adjusted by the auditor, and approved by the secretary of state, before any warrant for the amount allowed shall be drawn. *Provided,* That a party aggrieved by the decision of the auditor and secretary of state may appeal to district court."   The duty so enjoined upon the legislature it has performed by providing adequate machinery for the purpose of enforcing the constitutional intent.   (Compiled Statutes, ch. 83, art. 8.)   The method by appeal of reviewing the action of the auditor in disallowing a claim is an adequate remedy, and mandamus will not lie to compel the auditor to issue a warrant for a claim which he has disallowed.   (*State v. Babcock,* 22 Neb. 38.)   The same doctrine was enforced in *State v. Moore,* 37 Neb. 507.   In the latter case the doctrine is rather assumed than stated in the opinion of the court, but that the court had the doctrine in view is evident from a perusal of the dissenting opinion of Judge POST.   The claims there in question were finally reviewed on appeal.   (*Garneau v. Moore,* 39 Neb. 791.)   In *State v. Moore,* 40 Neb. 854, a writ was allowed to compel the drawing of a warrant in payment of a specific appropriation made to a county to reimburse it for expenses of an unusual criminal proceeding; but that writ was allowed because in the opinion of the court the appropriation was payable without regard to any examination of items or consideration of legal liability, and the auditor was without any discretion in the matter. Here the claims are beyond question of such character as to require an examination and adjustment.   The case is analogous to claims against a county, where the remedy for an improper disallowance is by appeal and not mandamus.   (*State v. Churchill,* 37 Neb. 702; *State v. Slocum,* 34 Neb. 368; *State v. Merrell,* 43 Neb. 575.)   The writ of mandamus never lies for the correction of errors or review of proceedings of inferior courts, boards, or tribunals.

(*McGee v. State*, 32 Neb. 149; *State v. Colton*, 33 Neb. 560; *State v. Laflin*, 40 Neb. 441; *State v. Merrell*, *supra.*) The application in this case is not to require the auditor to examine and pass upon the claims, but it is to require him to draw his warrant in payment therefor, and this upon a showing that he has already disallowed them. It is alleged that he examined them and rejected them because they had not been approved by the board of public lands and buildings, and each voucher attached to the application bears the auditor's indorsement to the same effect. The fact that the auditor in rejecting the claims gave a reason for so doing does not alter the effect of his action as a disallowance. It cannot be said that, because a single reason was assigned for his action, it is a confession that the claims were in other respects valid, and that if the court should find that reason insufficient the writ should therefore issue. That argument might be sound where the application is for a writ compelling the performance of an administrative duty, and where assigning one reason for refusing to perform might be a confession that no other reason existed; but it overlooks the effect of the auditor's judicial, or *quasi*-judicial, act in passing on a claim as an adjudication thereof, conclusive unless appealed from. The fact that a reason, even a wrong one, be given for rendering a judgment, makes it none the less a judgment.

The argument, both at the bar and in the briefs, has been directed entirely to the case against the auditor. The application, in asking three different writs for three different purposes and on as many different grounds, against different respondents, is undoubtedly multifarious, if we may be permitted to borrow from equity that term and apply it to a legal proceeding. Counsel, by restricting their discussion to one branch of the case, evidently recognized the impracticability of determining all the matters alleged in one suit. So far as relief is sought against the board of purchase and supplies, the occasion for the writ seems to have passed. So far as it seeks to

15

compel action by the board of public lands and buildings, it presents not only a question as to the right of this relator to maintain the action, but it also demands an investigation of the functions of that board, and the relative duties of it and of the auditor, which we do not feel warranted in entering into unless in the light of full discussion, and in a case where such investigation may be necessary and conclusive. As to the board of purchase and supplies and the board of public lands and buildings, the application is dismissed without prejudice; as to the auditor, the demurrer is sustained and the

WRIT DENIED.