JOSEPH PICKUS, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

FILED JULY 26, 1927.   No. 25331.

1. States: DISALLOWANCE OF CLAIMS: APPEAL. Where it is sought to review the decision of the auditor and secretary of state, in the allowance or disallowance of a claim against the state, the aggrieved party must appeal from such decision to the district court in the manner provided by section 6218, Comp. St. 1922.

2. ———: ———: ———. In such case, to confer jurisdiction on the district court, a certified transcript of the proceedings had before the auditor and secretary of state must be filed in such district court within the time prescribed by section 6218, Comp. St. 1922, and in the manner provided by sections regulating appeals from county courts to district courts.

APPEAL from the district court for Lancaster county: MASON WHEELER, JUDGE. *Affirmed.*

*Burkett, Wilson, Brown & Wilson,* for appellant.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

The plaintiff, appellant herein, brought this action in the district court for Lancaster county against the state of Nebraska to recover $3,824.39 with interest, on a claim arising, as alleged in the petition, "out of a contract in writing" between the plaintiff and the defendant. At the conclusion of the testimony the trial court instructed the jury to return a verdict for the defendant, which was

done, and thereupon judgment was rendered dismissing plaintiff's cause of action. Plaintiff appeals.

It appears that the defendant, through its department of public works, advertised for bids for the construction of two cement bridges in Boyd county, Nebraska, and referred to as numbers 1 and 2, federal aid project, 110 A. Plans and specifications for the bridges were on file in the department of public works for inspection and examination by persons interested in bidding on the proposed improvement. On the date the bids were to be received, an officer in charge of the department made an announcement to the prospective bidders that there was local gravel in the vicinity where the work was to be done suitable for use in the construction of the bridges. The plaintiff bid upon the work on a blank form furnished by the department, but incorporated therein a clause in writing, as follows: "This bid is based on information given that local gravel of good quality will be used." Plaintiff's bid was accepted by the department. Work was begun by the plaintiff upon the project, and after expending a considerable sum in preliminary work plaintiff hauled a large quantity of local gravel for use in the construction of the bridges. This gravel was rejected by the project engineer in charge of the work for the state because it failed to comply with the specifications. After considerable controversy the plaintiff, not desiring to abandon his contract, shipped gravel from Columbus and Fremont, Nebraska; these being the nearest points at which suitable gravel could be obtained to meet the requirements of the project engineer. The excess cost between the gravel thus obtained, including freight, and local gravel sought to be used by plaintiff was $3,824.39, for which amount, with interest, the plaintiff seeks to recover in this action.

The bridges were completed by plaintiff, accepted by the state, and the price of construction named in the contract paid. Thereafter on November 15, 1923, the plaintiff filed a claim with the auditor of the state of Nebraska for the amount and items of account set out in the present cause

of action.   The claim was disallowed by the auditor on the ground that it had not been approved by the department of public works and finance, and plaintiff was so notified on November 16, 1923.   An appeal was taken from this action by filing the petition in the present case on November 21, 1923.   Attached to the petition and made a part thereof is what purports to be a copy of the proceedings before the auditor.   The proceedings do not appear to be certified by the auditor or any one else.   In fact, the purported copy of the claim, attached to the petition, does not bear the signature of the claimant or any one else, and is not verified.

So far as the record discloses, no certified transcript was filed in the district court of the proceedings before the auditor.

At the outset the state contends that the district court had no jurisdiction to hear and determine the merits of plaintiff's claim because no certified transcript of the proceedings before the auditor was ever filed in the district court.   It is argued by the state that the order of the auditor and secretary of state, in allowing or disallowing a claim, can be reviewed only by an appeal from such order, and that the appeal must be taken in the manner prescribed by statute.   The Constitution of 1875, article VI, sec. 22, now carried as article V, sec. 22, reads as follows:   "The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought."   The Constitution of 1875, article IX, sec. 9, now carried as article VIII, sec. 9, also provides:   "The legislature shall provide by law that all claims upon the treasury, shall be examined and adjusted by the auditor and approved by the secretary of state, before any warrant for the amount allowed shall be drawn:   Provided, that a party aggrieved by the decision of the auditor and secretary of state may appeal to the district court."

The legislature of 1877, apparently having these provisions of the Constitution in mind, passed two separate acts which, with slight amendments, are found in our

statutes today. One of the acts is entitled "An act to pro-
vide in what courts the state may sue and be sued." This
act comprises 17 sections, and was approved February 14,
1877. The act as originally passed is found on page 19
*et seq.*, Laws 1877, and with some slight modifications is
now carried as sections 1100 to 1114, inclusive, Comp. St.
1922. It is unecessary to set out the general features em-
bodied in these several sections. Section 1 of the act, be-
ing section 1100, Comp. St. 1922, provides, in substance,
that the several district courts of the state, as now exis-
ting, and such as may hereafter be established, shall have
jurisdiction to determine the following matters: (1) "All
claims against the state filed therein, which have previ-
ously been presented to the auditor of public accounts,
and have been in whole or in part rejected or disallowed."
(2) "All claims or petitions for relief that may be pre-
sented to the legislature, and which may be by any law, or
by any rule or resolution of the legislature, or either house
thereof, referred to either of said courts for adjudica-
tion." (3) "Of all set-offs, counterclaims, claims for dam-
ages, liquidated or unliquidated, on the part of the state,
against any person making a claim against the state, or
against the person in whose favor such claim arose."

Section 6 of the act, being section 1105, Comp. St. 1922,
provides, in part: "The state may be sued in the district
court of the county where the capitol is situate, in any
matter founded upon or growing out of a contract, ex-
pressed or implied, originally authorized or subsequently
ratified by the legislature, or founded upon any law of
the state."

The other act passed by the legislature of 1877 was
passed with an emergency clause, approved February 17,
1877. The title to the act was "An act to provide for ex-
amination and adjustment of claims upon the state treas-
ury in accordance with the provisions of section nine (9)
of article nine (9) of the Constitution." Laws 1877, p. 202.

Section 1 of the act, now section 6217, Comp St. 1922,
reads as follows: "All claims of whatever nature upon

the treasury of this state, before any warrant shall be drawn for the payment of the same, shall be examined and adjusted by the auditor of public accounts and approved by the secretary of state: Provided, however, no warrant shall be drawn for any claim until an appropriation shall have been made therefor."

Section 2 of the act, now section 6218, Comp. St. 1922, provides: "The auditor of public accounts shall keep a record of all claims presented to him for examination and adjustment and shall therein note the amount of such claims as shall be allowed or disallowed, and in case of the disallowance of all such claims, or any part thereof, the party aggrieved by the decision of the auditor and secretary of state may appeal therefrom to the district court of the county where the capitol is located within twenty days after receiving official notice. Such appeal may be taken in the manner provided by law in relation to appeals from county courts to such district courts, and shall be prosecuted to effect as in such cases: Provided, however, the party taking such appeal shall give bond to the state of Nebraska in the sum of two-hundred dollars, with sufficient surety, to be approved by the clerk of the court to which such appeal may be taken, conditioned to pay all costs which may accrue to the auditor of public accounts by reason of taking such appeal. No other bond shall be required."

It is the contention of the state that an appeal from the disallowance of plaintiff's claim could be made only in the manner prescribed in the foregoing section of the statute.

In *State v. Stout*, 7 Neb. 89, this court considered the two acts of the legislature of 1877, hereinbefore referred to, and outlined the procedure to be taken to perfect appeals in cases similar to the one now before us. In the course of the opinion it is said: "In our discussion of the case thus far, we have proceeded upon the theory that, upon claims which the auditor could adjust and settle, original actions might be brought thereon in case of their

total or partial rejection. And if we look alone to the act of February 14, under which this proceeding was instituted, this theory is doubtless the true one. But we are of the opinion that, by a subsequent act, 'To provide for the adjustment of claims upon the state treasury,' etc., approved February 17, 1877, the right to bring an original action against the state is denied, and that the only mode of procedure by which the court can acquire jurisdiction is by an appeal from the decision of the auditor and secretary of state, whose joint action is now required in the approval of claims." In the syllabus, the rule is stated as follows: "By the act approved February 17, 1877, 'To provide for the adjustment of claims upon the state treasury,' etc., the right to bring an original action against the state is denied, and the only mode by which the courts can acquire jurisdiction in such cases is by appeal, as provided in section 2 of said act." Section 2 above referred to is now section 6218, Comp. St. 1922, and provides in part, in substance, that in case of the disallowance of a claim or any part thereof the aggrieved party may appeal to the district court of the county where the capitol is situated within 20 days after receiving official notice. And, further, such appeal may be taken in the manner provided by law in relation to appeals from county courts to such district courts. One of the jurisdictional steps in taking an appeal from the county court to the district court is the filing of a certified transcript of the county court proceedings in the district court within the time prescribed by law.

The principle announced in *State v. Stout, supra*, was recognized in *State v. Cornell*, 54 Neb. 158, although that was a mandamus action. In *Peterson v. State* 113 Neb. 546, while it does not clearly appear in the opinion that the action was an appeal from the ruling of the auditor and the secretary of state, such was the fact.

As before indicated, so far as the record in the instant case shows, no certified transcript of the proceedings before the auditor and secretary of state was filed in the

district court.   The case was not brought by permission of the legislature, or one branch thereof, as was the case in *Commonwealth Power Co. v. State,* 104 Neb. 439, and in *Benda v. State,* 109 Neb. 132.

From what has been said, it seems clear that no proper appeal was taken from the disallowance of the claim by the auditor and secretary of state, and therefore the district court was without jurisdiction to hear and determine the merits of plaintiff's cause of action.

Other questions are argued in appellant's brief, but with the question of jurisdiction determined · adversely to appellant, it is unnecessary to discuss them.

No error appearing in the judgment of the district court, it is

AFFIRMED.