ARTHUR JENNINGS HANSON ET AL., APPELLANTS, V. CITY OF OMAHA ET AL., APPELLEES.

61 N. W. 2d 556

Filed December 18, 1953. No. 33311.

*Swenson, Viren & Turner* and *Neal H. Hilmes*, for appellants.

*Wells, Martin & Lane, Edward F. Fogarty, Herbert M. Fitle, James M. Paxson*, and *Bernard E. Vinardi*, for appellees.

*William R. King*, amicus curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

Messmore, J.

Our opinion is reported *ante* p. 403, 59 N. W. 2d 622.

The appellants, in their motion for rehearing, request reconsideration of that part of our opinion wherein it is stated: "With reference to section 14-379, R. S. 1943, being repealed, as set forth by appellants, any appeal substituted for section 14-379, R. S. 1943, was available to the appellants in this action had they seen fit to pursue the same."

Section 14-375, R. S. 1943, provides for a committee to assess the damages caused to the owners and parties interested in property affected by the vacation of any street or alley and that they shall make and file with the city clerk a report thereof in writing. These provisions are followed by this language: "Any owner or party interested in property affected by such vacation, who shall file a written protest with such committee, may appeal from the adoption by the council of such appraisers' report in the manner provided in section 14-379 * * *."

Section 14-379, R. S. 1943, was repealed by the Uniform Eminent Domain Act, Laws 1951, c. 101, pp. 451-506. No appeal procedure was substituted therefor in section 14-375, R. S. 1943. The appellants assert this being true, they have been denied the right of appeal or review of their claims for damages by the action of the Legislature.

As stated in the opinion: "* * * the rights of the owners and parties interested in property that may be affected by the vacation are protected by the clear language of section 14-375, R. S. 1943, which provides that a committee of three members of the council shall assess the damages after notice and file their report in writing with the city clerk. In addition, provision for appeal to the district court is made."

The appellants had a method and right of appeal to the district court in the manner provided by section 14-379, R. S. 1943, notwithstanding the repeal thereof because of the adoption of a part of that section by the lan-

guage of section 14-375, R. S. 1943. The repeal of section 14-379, R. S. 1943, by the Laws of 1951, c. 101, p. 451, did not destroy either the right of appellants to appeal from the adoption by the council of the appraisers' report in reference to the assessment of damages caused by the vacation of part of the street and alley, or the procedure provided by section 14-375, R. S. 1943, to accomplish an appeal to the district court. The manner of taking an appeal was detailed in section 14-379, R. S. 1943. This was by specific and descriptive reference thereto in section 14-375, R. S. 1943, made a part of that section and as such it continued in force after the repeal of section 14-379, R. S. 1943. The applicable rule of law in this situation is as follows: Where one statute refers to another, which is subsequently repealed, the statute repealed becomes a part of the one making the reference and remains in force so far as the adopting statute is concerned. See Shull v. Barton, 58 Neb. 741, 79 N. W. 732.

"Where the provisions of a statute are incorporated, by reference, in another; where one statute refers to another for the powers given or rules of procedure prescribed by the former, the statute or provision referred to or incorporated becomes a part of the referring or incorporating statute; and if the earlier statute is afterwards repealed, the provisions so incorporated, the powers given, or rules of procedure prescribed by the incorporated statute, obviously continue in force, so far as they form part of the second enactment." Endlich on Interpretation of Statutes, § 492, p. 695. See, also, State ex rel. Thompson v. Majors, 85 Neb. 375, 123 N. W. 429; State ex rel. Sayer v. Junkin, 87 Neb. 801, 128 N. W. 630; Sheridan County v. Hand, 114 Neb. 813, 210 N. W. 273; Annotation, 168 A. L. R. 629; 50 Am. Jur., Statutes, § 39, p. 58; 1 Sutherland, Statutory Construction (3d ed.), § 2041, p. 521.

The language appearing in the opinion with reference to section 14-379, R. S. 1943, being repealed, as set

forth by appellants "any appeal substituted for section 14-379, R. S. 1943, was available to the appellants in this action had they seen fit to pursue the same" is eliminated from the opinion, and the language appearing in this supplemental opinion announces the clarification and correction of the original opinion which in effect holds that the appellants were not deprived of an appeal by any inadequacy of the law.

The motion for rehearing is denied.

MOTION FOR REHEARING DENIED.