225 N.W.2d 855 (1975)
193 Neb. 95
KNOEFLER HONEY FARMS, a Partnership, Appellant,
v.
COUNTY OF SHERMAN, State of Nebraska, BOARD OF EQUALIZATION, Appellee.
No. 39456.
Supreme Court of Nebraska.
February 6, 1975.
*856 Shaughnessy, Shaughnessy & Shaughnessy, St. Paul, Austin S. Bacon, Loup City, O'Hanlon & Martin, Blair, for appellant.
Stephens & Beckner, Brian F. Beckner, Loup City, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON and BRODKEY, JJ.
BRODKEY, Justice.
This case arises out of a decision of a county board of equalization to the effect that certain property of the appellant was to be added to the tax assessment rolls of the county. Appeal of that decision, taken to the District Court, was dismissed on the ground that the appellant had failed to perfect jurisdiction in that court within the time provided for by law. Appeal to this court involves the question of the effect of section 77-1510, R.R.S.1943, upon the matter of what time limitations are applicable for the filing of those things necessary to perfect an appeal to the District Court, such as that herein made. Upon consideration, we have determined that the District Court did in fact have jurisdiction over the appeal in question. Consequently, we reverse.
On September 26, 1972, the appellant was notified that the board of equalization of Sherman County was to meet on October 4 of that year for the purpose of considering whether certain bee hives owned by the appellant should be added to the tax assessment rolls of the county. That hearing was held as scheduled and the matter was taken under advisement. On October 25, 1972, the board notified the appellant that it had decided to add the bee hives to the assessment rolls as omitted property. The appellant determined to protest that decision, and the hearing on that protest was held before the county board of equalization on November 8, 1972. At that meeting, the members of the board of equalization voted to follow the county assessor's recommendation to add the property in question to the assessment rolls, and also to have the chairman sign the notice of such addition. The transcript of such proceedings before the county board of equalization contains that notice, dated November 8, 1972, addressed to the appellant herein. The notice in question was on a form approved by the State Tax Commissioner and contained, among other things, the following language: "You are further notified that the action of the County Board of Equalization may be appealed to the District Court of this County in same manner as appeals are taken from the actions of the County Board of Equalization under the provisions of Sections 77-1510 and 77-1511, R.R.S.1943. Said appeal must be perfected within 45 days." Appellant's petition on appeal to District Court admits it was mailed notice on November 8, 1972.
The record reflects that on December 22, 1972, the appellant submitted notice of his intention to prosecute an appeal to the District Court, together with a request that a transcript of the proceedings before the county board be prepared. Appellant also filed an appeal bond on that date. On *857 December 26, 1972, the appellant filed his petition on appeal with the District Court. On the same date the transcript of the proceedings before the county board of equalization was filed with the court. Subsequently, the appellee filed a motion to dismiss on the ground that the District Court lacked jurisdiction, citing section 77-1510, R.R.S.1943, and section 23-135 R.R.S. 1943, for the proposition that since the appellant had not filed his notice of appeal within 20 days of the decision of the county board, the District Court was without jurisdiction to pass on the merits of that decision. Upon consideration, the District Court found that the board of equalization had given the appellant notice of its decision of November 8, 1972, as provided by law, and also found that appellant's notice of appeal had not been served within 20 days of the decision of the county board, and that the court lacked jurisdiction over the appeal. The District Court thereupon entered an order granting the appellee's motion to dismiss, from which order appellant has appealed to this court.
The key provision with which this appeal is concerned is section 77-1510, R.R.S.1943, which provides in part that: "Appeals may be taken from any action of the county board of equalization to the district court within forty-five days after adjournment of the board, in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county." The manner of taking such appeals is set out in section 23-135, R.R.S.1943, which provides in part that: "When the claim of any person against the county is disallowed in whole or in part by the county board, such person may appeal from the decision of the board to the district court of the same county, by causing a written notice to be served on the county clerk, within twenty days after making such decision and executing a bond to such county, . . .." (Emphasis supplied.) The appellee argues before this court, as it did before the district court, that pursuant to these sections, an appellant has only 20 days in which to file notice of an appeal from the action of the county board of equalization. Appellant's notice of appeal in this case having been filed more than 20 days after the decision of the county board, the appellee asserts that the District Court was correct in determining that it lacked jurisdiction in this matter.
The argument of the appellant presents a different interpretation of sections 77-1510 and 23-135, R.R.S.1943. It argues that although a 20-day period of limitation in which to file notice of appeal applies in other cases falling under section 23-135, R.R.S.1943, that period is not controlling where the appeal is being brought pursuant to section 77-1510, R.R.S.1943. Thus, the appellant asserts that the 45-day period established in the more specific statute, section 77-1510, R.R.S.1943, which deals with appeals from county board of equalization, overrides the 20-day period provided for in section 23-135, R.R.S.1943.
We are convinced from an investigation of the history of sections 77-1510 and 23-135, R.R.S.1943, that appellant's interpretation of those sections is correct. From the time of its inception, section 23-135, R.R.S.1943, has provided that written notice of the intent to appeal must be filed within 20 days of the time of the decision. See Laws 1879, § 37, p. 366. With the exception of a period between 1907 and 1913, during which period no time limitation appeared in section 23-135, R.R.S.1943, the 20-day time limitation has continued constantly in effect under section 23-135, R.R.S.1943, until the present. See Laws 1907, c. 33, § 1, p. 165; Laws 1911, c. 33, § 1, p. 198; R.R.S. 1913, § 965. Section 77-1510, R.R.S.1943, was added to the law of this state more than 2 decades after the adoption of section 23-135, R.R.S.1943. See Laws 1903, c. 73, § 124, p. 430. We note that section 77-1510, R.R.S.1943, as originally enacted, provided that appeals could be taken to the District Court from the county board of equalization within "twenty days" after the *858 adjournment of the board. It was not until 1959 that the section was altered to provide for a time limitation of 45 days. See Laws 1959, c. 371, § 2, p. 1308. Thus, with the exception of the period between 1907 and 1913, both sections 23-135 and 77-1510, R.R.S.1943, provided for a 20-day time limitation until 1959, although historically the statutes have provided for different times for the commencement of such periods.
We have examined the available legislative history of the 1959 amendment to section 77-1510, R.R.S.1943, which extended the time period for appeals from 20 days to 45 days. That examination failed to disclose any reference to section 23-135, R.R.S. 1943, and we can only assume that no actual consideration was given to section 23-135, R.R.S.1943, at that time. If the legislators, in adopting the 1959 amendment to section 77-1510, R.R.S.1943, had discussed the relationship of that amendment to section 23-135, R.R.S.1943, then obviously the intention of the Legislature in that regard would be more clear. As it is, however, we can only conclude that in all probability the Legislature must not have contemplated that the 20-day limitation period appearing in section 23-135, R.R.S.1943, would have any effect at all upon appeals brought pursuant to section 77-1510, R.R.S.1943. In short, it is most likely that the Legislature understood that in adopting the 1959 amendment to section 77-1510, R.R.S.1943, it was establishing a time limitation for all activities necessary to perfect an appeal from the decision of a county board of equalization, including the filing of notice of appeal.
The appellee would have us reconcile sections 23-135 and 77-1510, R.R.S.1943, by interpreting the former as establishing a time limitation for the filing of notice of appeal, while regarding the latter as fixing a time limitation for all other activities necessary to perfect an appeal to the District Court in cases such as this one. It must be added of course, that if two time limitation periods apply in these cases, that is, one period for filing notice of appeal and another period for the carrying out of all other things necessary to perfect appeal, then not only is the perfecting of an appeal controlled by two different time limitation periods, but it is also controlled by two periods that may well begin to run at different times. Under section 23-135, R.R.S. 1943, the 20-day period of limitation begins to run on the day that the county board makes the decision from which appeal is to be taken. However, pursuant to section 77-1510, R.R.S.1943, the 45-day period of limitation begins to run on the day that the county board of equalization adjourns. Thus, under the system proposed by the appellee, it would even be possible for the 45-day time limitation period to begin to run after the 20-day time limitation period had expired. It would be possible that a taxpayer, wishing to appeal from a decision made on the first day of a 60-day session of the board would be required to file his notice of appeal within 20 days after the decision and yet still have well over 2 months in which to carry out all other activities necessary to perfect his appeal. We believe it is highly unlikely that the Legislature would have intentionally devised such a complicated system for the bringing of appeals such as that involved herein.
The confusing nature of the results to which the argument of the appellee would result in is further emphasized when the full complexity of the statutory scheme is realized. The procedure for an appeal to the District Court from an action of a county board of equalization is that prescribed for an appeal from a judgment of a justice of the peace court to the District Court. Nebraska Conf. Ass'n Seventh Day Adventists v. County of Hall, 166 Neb. 588, 90 N.W.2d 50 (1958); § 77-1510, R.R.S.1943; section 23-137, R.R.S.1943. See, also, former sections 27-1301 to 27-1315, R.R.S. 1943. It is true, of course, that effective January 4, 1973, the statutes designed to set out the procedure for appeal from a judgment of a justice of the peace court were *859 repealed. Laws 1972, L.B. 1032, § 287. However, that repeal did not take effect until after the occurrence of the activities with which we are now concerned. Furthermore, we are convinced that the act of the Legislature in repealing those statutes did not have the effect of changing the appellate procedure in cases such as this case. We have held that where one statute refers to another, which is subsequently repealed, the statute repealed becomes a part of the one making the reference and remains in force so far as the adopting statute is concerned. Hanson v. City of Omaha, 157 Neb. 768, 61 N.W.2d 556 (1953). Thus, in cases such as this, the procedure for taking an appeal from the county board to the District Court has been and continues to be the procedure prescribed for an appeal from a judgment of a justice of the peace court to the District Court.
The addition of the appellate procedure provided for in former sections 27-1301 to 27-1315, R.R.S.1943, to the statutory scheme will illustrate that the theory of the appellee would result in a most confusing situation. If the appellee is correct in asserting that the 20-day time limitation period in section 23-135, R.R.S.1943, overrides and controls the 45-day limitation period in section 77-1510, R.R.S.1943, for the purpose of filing notice of appeal, then it would also follow that the time limitations in former section 27-1302, R.R.S.1943 (10 days from the date of decision for the undertaking to be made), and former section 27-1303, R.R. S.1943 (30 days from the date of decision to file the transcript), should be regarded as overriding section 77-1510, R.R.S.1943, for the purposes of furnishing appeal bond and filing the transcript. If that were so, then the ultimate result would be to render nugatory the 45-day limitation period of section 77-1510, R.R.S.1943. Such a result would of incongruous, and it could not have been intended by the Legislature.
We believe that the Legislature did not intend for the 20-day time limitation period appearing in section 23-135, R.R.S. 1943, to have any effect upon the perfecting of appeals brought pursuant to section 77-1510, R.R.S.1943. Our ultimate conclusion on the matter is that in order to perfect an appeal to the District Court from a decision of a county board of equalization, pursuant to section 77-1510, R.R.S.1943, all activities necessary to perfect such appeal, including the filing of notice of appeal, are required to be carried out within 45 days of the adjournment of the board. Thus, there remains only to be determined whether in the case now before us, the appeal to the District Court was perfected within the 45-day limitation period.
The District Court acquires jurisdiction by appeal from a decision of a county board of equalization, where the taxpayer gives notice of appeal, furnishes an appeal bond, and files in the office of the clerk of the District Court a transcript of the proceedings and order of the county board of equalization within the time allowed by law. Myers v. Hall County, 130 Neb. 13, 263 N.W. 486 (1935). As we have already determined, "the time allowed by law" for such activities is 45 days from the day of the adjournment of the board. In the case now before us, the county board of equalization met, reached its decision, and adjourned all on November 8, 1972. Within 45 days of that date, on December 22, 1972, the appellant herein furnished an appeal bond and filed a notice of appeal and a request that the transcript be prepared. The transcript itself was filed with the clerk of the District Court on December 26, 1972, a date actually more than 45 days after November 8. However, due to the intervening weekend and holiday between December 22 and December 26 of that year, the transcript must be regarded as having been timely filed. See § 25-2221, R.S. Supp., 1974. Thus, the appellant herein must be regarded as having perfected its appeal to the District Court.
In reaching this conclusion we have not ignored the provisions of section 77-412, *860 R.R.S.1943, providing among other things that an appeal de novo may be taken from the decision of the county board of equalization to the District Court of the county in which the assessment is made upon receipt of notice of action of the county board of equalization in the manner provided for by sections 77-1510 and 77-1511, R.R.S.1943. Although the record does not disclose whether appellant received the notice of the action of the board of equalization on the same day it was dated, to wit, November 8, 1972, it is clear that the conclusion we have reached would not be changed if the facts were that the notice was not received by it until some subsequent date for the reason that this would further extend the time within which it would be entitled to perfect its appeal.
We have determined that the appellant was correct in asserting that it had 45 days in which to carry out all activities necessary to perfect its appeal to the District Court. Furthermore, it appears that the appellant did in fact perfect that appeal by carrying out all the necessary activities within the 45 days allowed. Under the circumstances, the judgment of the District Court must be reversed and the cause remanded.
Reversed and remanded.