THE WESTSIDE COMMUNITY SCHOOLS, SCHOOL DISTRICT
NO. 66, DOUGLAS COUNTY, NEBRASKA, APPELLANT, V.
STATE OF NEBRASKA, NEBRASKA DEPARTMENT OF
EDUCATION, STATE BOARD OF EDUCATION, APPELLEES.

277 N. W. 2d 73

Filed March 27, 1979. No. 41867.

Verne Moore, Jr., of Moore, Moore & Peters, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and SPENCER, Retired Justice.

BOSLAUGH, J.

This case involves substantially the same issues as Millard School District v. State Department of Education, *ante* p. 707, 277 N. W. 2d 71, decided today. It arises out of a controversy concerning L.B. 403 enacted by the 1973 Legislature relating to the education of handicapped children. The act provided that it was the duty of the board of education

of every school district to provide or contract for special education programs for all resident children who would benefit from such programs. School districts not in compliance with the act were barred from receiving state funds as long as the violation existed.

The act required school districts to report to the State Department of Education all children who would benefit from special education programs together with a plan and budgets for providing such programs for the school years 1974-75. The budgets were to be approved by the State Department of Education. The act further provided that effective July 1, 1974, the State Department of Education was to reimburse each district for 90 percent of the "excess cost" of the programs as defined in the act.

The plaintiff, Westside Community Schools (School District No. 66 of Douglas County, Nebraska), complied with the act and submitted a plan and proposed budget for the 1974-75 school year which was returned to the plaintiff endorsed, "Approved and Returned 8-30-74, Francis E. Colgan, Special Education Section." Colgan was the director of special education within the state department.

Rules and regulations relating to the program were approved by the State Board of Education on June 7, 1974. These rules provided that the series of activities resulting in the Department of Education reimbursing 90 percent of the excess cost directly relating to service for the handicapped included "Screening and referral of handicapped children." These rules were approved by the Attorney General but were never approved by the Governor as required by section 84-908, R. R. S. 1943.

On April 16, 1975, the State Board of Education adopted "Rule 51" relating to the program. This rule was subsequently approved by both the Attorney General and the Governor. Rule 51 made no provision for reimbursement to the districts for the

cost of diagnosis and identification of children who were eligible for special education and further provided that "the amount appropriated by the Legislature for reimbursement for special education programs shall become the basis for reimbursement."

After the adoption of Rule 51 all districts, including the plaintiff, were required to submit an additional special education plan and budget for the school year 1974-75. The plaintiff submitted such a plan and budget on or about May 5, 1975. The State Department of Education's share of the excess cost was determined to be $235,271, subject to possible proration.

The plan and budget originally submitted by the plaintiff provided for an expenditure of $581,391, of which $436,696 was to be reimbursed by the State. The plaintiff claims that it is entitled to be reimbursed in the amount of $89,139.38 for funds it has expended for preidentification and diagnosis of children and $11,301.45 for contracted services provided by private agencies.

On December 16, 1975, the plaintiff filed a claim with the Department of Administrative Services of the State of Nebraska for $114,266.28 it claimed was due it under L.B. 403. On December 17, 1975, the Director of Administrative Services forwarded the claim to the State Commissioner of Education for review and "action as you see fit." On December 22, 1975, the State Commissioner of Education wrote to the superintendent of the plaintiff stating that the amounts requested were in excess of the approved budget, and that the "'loss through proration' is the result of a legislative decision."

This action was commenced on January 9, 1976. The defendants are the State of Nebraska, the Nebraska Department of Education, and the State Board of Education. A special appearance filed by the State of Nebraska was sustained and the action dismissed as to it.

The petition alleged that Rule 51 was in conflict with L.B. 403 and that the plaintiff had expended funds in reliance upon the approval of its plan and budget on August 30, 1974. On the first cause of action the plaintiff prayed for a declaratory judgment that funds expended in diagnosis and identification of handicapped children should be reimbursed and that it should recover the sum of $89,139.38 expended for that purpose. On its second cause of action the plaintiff prayed for a declaratory judgment that school districts may utilize the services of private agencies for special education and that it recover the sum of $11,301.45. On its third cause of action the plaintiff prayed for a declaratory judgment that the proration of amounts due it was illegal and that it should recover the sum of $13,825.45. Thus, although the plaintiff characterizes the action as one for a declaratory judgment, in fact it was primarily an action to recover money alleged to be due it.

By various pleadings the defendants alleged that the trial court had no jurisdiction of the subject matter of the action and that the petition did not state a cause of action.

The trial court found generally for the defendants and that the plaintiff's sole remedy was by claim under sections 77-2406 to 77-2409, R. R. S. 1943. The trial court made other findings but they are not relevant to the disposition which we make of this appeal.

Section 77-2406, R. R. S. 1943, provides: "All claims of whatever nature upon the treasury of this state, before any warrant shall be drawn for the payment of the same, shall be examined, adjusted and approved by the Department of Administrative Services." Section 77-2407, R. R. S. 1943, provides for an appeal to the District Court in the event of a disallowance of a claim. Section 77-2408, R. R. S. 1943, provides for a review in this court of the action of the District Court.

The essence of the plaintiff's action was a claim

"upon the treasury" of the State of Nebraska. The Constitution of Nebraska, Article VIII, section 9, provides that the Legislature shall provide how claims shall be examined and adjusted. Section 77-2406, R. R. S. 1943, prescribes the procedure to be followed. The plaintiff filed a claim with the Department of Administrative Services but did not pursue that remedy.

The declaratory relief which the plaintiff sought was only incidental to the money recovery. Ordinarily, declaratory relief is not available where a special statutory action has been provided. Peak v. Bosse, *ante* p. 1, 272 N. W. 2d 750. Proceedings for a declaratory judgment will not be entertained where another equally serviceable remedy has been provided by law for the character of action in hand. Stewart v. Herten, 125 Neb. 210, 249 N. W. 552. See, also, Zarybnicky v. County of Gage, 196 Neb. 210, 241 N. W. 2d 834; Murphy v. Holt County Committee of Reorganization, 181 Neb. 182, 147 N. W. 2d 522; Scudder v. County of Buffalo, 170 Neb. 293, 102 N. W. 2d 447.

The granting of declaratory relief is discretionary. See, Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257; Custer Public Power Dist. v. Loup River Public Power Dist., 162 Neb. 300, 75 N. W. 2d 619. The refusal of declaratory relief was clearly within the discretion of the District Court.

The judgment of the District Court is affirmed.

AFFIRMED.