277 N.W.2d 71 (1979)
202 Neb. 707
The MILLARD SCHOOL DISTRICT, SCHOOL DISTRICT NO. 17, DOUGLAS COUNTY, Nebraska, Appellant,
v.
The STATE DEPARTMENT OF EDUCATION and the State Board of Education, Appellees.
No. 41866.
Supreme Court of Nebraska.
March 27, 1979.
Brian L. Campbell, of Young, White, Ramsey, Wieland & Owens, Omaha, for appellant.
*72 Paul L. Douglas, Atty. Gen., Harold I. Mosher, Asst. Atty. Gen., Lincoln, for appellees.
Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and SPENCER, Retired Justice.
WHITE, Justice.
The appellant Millard School District was plaintiff below. The appellees, defendants below, are the State Department of Education and the State Board of Education.
This case arose from a dispute over the meaning of certain provisions of Laws 1973, L.B. 403. The act is now found in principal part in sections 43-641 to 43-660, R.R.S. 1943. It requires the board of education of each school district to provide special education programs for mentally or physically handicapped children who would benefit from such programs.
Section 8 of the act, effective July 1974, required the State Department of Education to reimburse the local school district for 90 percent of the "excess cost" of the programs, as defined in the act.
Pursuant to that section, the plaintiff was reimbursed for most of the claimed excess costs. However, Millard's additional claim for over $100,000 for the cost of initial diagnosis and eight other items was denied by the defendants under the State Department of Education's "Rule 51." Rule 51, entitled "Rule on Development of Reimbursable Local Special Education Programs for Handicapped Children," was adopted by the department as a guideline for the administration of L.B. 403.
By letter of September 18, 1975, Millard filed a claim with the Department of Administrative Services for those portions of its claim which had been denied by the State Department of Education. In the letter, Millard expressed its opinion that the claim was for valid, reimbursable expenses, implying that Rule 51 was an inaccurate interpretation of L.B. 403. The director of the Department of Administrative Services forwarded Millard's claim letter to the Commissioner of the State Department of Education for "review and action as you see fit." The Commissioner of Education notified Millard that its claim had been submitted to the State Board of Education and denied. Millard then filed this lawsuit, characterizing it as an action for a declaratory judgment on the validity of Rule 51. The trial court refused to declare the rule invalid, resting its decision on "one or more" of four stated reasons. The court's first reason related to the existence of an alternate remedy. Since we agree with its determination on that matter, it is unnecessary to review the other reasons or to recite them here.
As stated by the District Court: "Section 9 of Article VIII of the Constitution provides: `The Legislature shall provide by law that all claims upon the treasury shall be examined and adjusted as the Legislature may provide before any warrant for the amount allowed shall be drawn. Any party aggrieved by the action taken on a claim in which he has an interest may appeal to the district court.' (Emphasis added.) Such provision has been implemented in Chapter 77 of the Nebraska statutes under Sections 77-2406 to 77-2409. Under Sec. 77-2406, R.R.S.1943, a claim must be examined, adjusted and approved by the Department of Administrative Services." In this case, such a claim was filed with the Department of Administrative Services. The claim was referred to the State Department of Education. The State Department of Education wrote plaintiff that the claim could not be paid, but all parties agree that this was not a disallowance by the Department of Administrative Services as required by the statute. After disallowance, the remedy of the plaintiff would have been an appeal. Instead, the plaintiff filed this declaratory judgment action.
Section 84-911, R.R.S.1943, provides, in part, that: "(1) The validity of any rule (of a state administrative agency) may be determined upon a petition for a declaratory judgment thereon addressed to the district court of Lancaster County if it appears that the rule or its threatened application *73 interferes with or impairs or threatens to interfere with or impair the legal rights or privileges of the petitioner." However, a court is not constrained to render a declaratory judgment in every case where it "may" do so. It was noted in American Fidelity and Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478, 480, that: "There is a distinction between the jurisdiction of a court to grant declaratory relief and the exercise of discretion pursuant to that jurisdiction." This court has repeatedly recognized that the granting of declaratory relief is discretionary. See Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N.W.2d 257; Custer Public Power Dist. v. Loup River Public Power Dist., 162 Neb. 300, 75 N.W.2d 619.
We believe that this discretion was properly exercised here. This is not the classic declaratory judgment situation where a party would otherwise be required to do or refrain from doing some action at his legal peril. The school district was required, in any event, to provide special education services to handicapped students. The district's challenge to Rule 51 only served to raise the question of whether or not it should be reimbursed for certain expenditures of meeting that requirement. One of the major areas of disagreement is whether the cost of initial diagnosis is reimbursable. Except for the single school year of 1974-1975, that question is no longer in dispute, for Laws 1976, L.B. 761, amended L.B. 403 to specifically include those costs. Thus, this case essentially presents a claim for money against the State. As pointed out above, section 77-2406, R.R.S.1943, provides a clear statutory procedure for presenting that claim. "Proceedings for declaratory judgment will not be entertained where another equally serviceable remedy has been provided by law for the character of action in hand." Stewart v. Herten, 125 Neb. 210, 249 N.W. 552. See, also, Zarybnicky v. County of Gage, 196 Neb. 210, 241 N.W.2d 834; Murphy v. Holt County Committee of Reorganization, 181 Neb. 182, 147 N.W.2d 522; Scudder v. County of Buffalo, 170 Neb. 293, 102 N.W.2d 447.
The possibility of recurring disputes on the meaning of former Rule 51 have been removed by the Legislature.
The claim for 1974-1975 could be adequately heard through appeal from a determination by the Department of Administrative Services. Even if the court entered a declaratory judgment in favor of Millard, it would still be necessary for the Department of Administrative Services to rule on the claim. That would leave the possibility of an appeal. Nothing would be served by such piecemeal adjudication. A court may refuse to enter a declaratory judgment where it would not terminate the uncertainty or controversy giving rise to the proceedings. See Graham v. Beauchamp, 154 Neb. 889, 50 N.W.2d 104.
This action, although characterized as one for declaratory judgment, was filed in anticipation of a denial of a claim against the State for money. The trial court was correct in restricting the plaintiff to the statutory procedure established for that situation. The order of the trial court refusing declaratory relief is affirmed.
AFFIRMED.