SCHOOL DISTRICT NO. 17, DOUGLAS COUNTY,
NEBRASKA (MILLARD SCHOOL DISTRICT), AND WESTSIDE
COMMUNITY SCHOOLS (SCHOOL DISTRICT NO. 66),
DOUGLAS COUNTY, NEBRASKA, APPELLANTS, V.
STATE OF NEBRASKA; NEBRASKA DEPARTMENT OF
EDUCATION; NEBRASKA STATE BOARD OF EDUCATION;
AND THE DIRECTOR OF ADMINISTRATIVE
SERVICES, APPELLEES.

316 N.W.2d 767

Filed March 12, 1982. Nos. 43939, 43938.

Young & White and Verne Moore, Jr., for appellants.

Paul L. Douglas, Attorney General, and Harold Mosher for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, HASTINGS, WHITE, and CAPORALE, JJ.

CAPORALE, J.

The Millard School District and the Westside Community Schools appeal to this court from orders of the District Court for Lancaster County, Nebraska,

dismissing with prejudice their actions seeking reimbursement of certain funds expended on mandated special education programs for physically and mentally handicapped children during the 1974-75 school year. The actions brought by the school districts were consolidated for briefing and oral argument before this court and will be treated as such herein. We affirm.

The background of this litigation is set out in our opinions in *Millard School Dist. v. State Department of Education*, 202 Neb. 707, 277 N.W.2d 71 (1979), and *Westside Community Schools v. State Department of Education*, 202 Neb. 712, 277 N.W.2d 73 (1979). In those cases, we affirmed orders of the District Court dismissing appellants' declaratory judgment actions and determined that the proper statutory remedy available to them from the disallowance of their claims by the Department of Administrative Services was an appeal to the District Court in the manner provided by Neb. Rev. Stat. §§ 77-2406 to 77-2409 (Reissue 1976). We examine in this appeal whether appellants followed the proper statutory procedures to perfect their appeals in the District Court.

The record reveals that during the pendency of the appellants' declaratory judgment actions to this court, the director of the Department of Administrative Services entered orders on January 5, 1978, disallowing the claims of the school districts. Thereafter, on January 13, 1978, the appellants filed notices of appeal from the disallowances of their claims, together with bonds, certified transcripts of the proceedings held before the Department of Administrative Services, and motions for leave to introduce evidence in support of the appeals. On April 26, 1979, the District Court granted the motions of the school districts and they subsequently mailed interrogatories to the office of the Attorney General to be answered by the director of the Department of Administrative Services. Objections to the interrogatories were sustained by the District Court on October 1, 1979. The court quashed

the interrogatories, based on its finding that the director of the Department of Administrative Services was not an "adverse party" as the term is used in Neb. Rev. Stat. § 25-1267.37 (Reissue 1979).

On December 3, 1979, the appellants filed motions for summary judgment with the court and a notice of the hearing on the motions was served upon the Attorney General, who filed a special appearance objecting to the District Court's jurisdiction over the appeal. The court overruled appellants' motions for summary judgment on March 27, 1980, finding that they had neither filed petitions on appeal nor had summons issued from the January 5, 1978, orders of disallowance of claims.

It appears that on April 11, 1980, appellants' counsel left motions for leave to file petitions out of time with the District Court. The court subsequently notified counsel that the motions had not been properly filed and inquired if he desired to do so. Upon being advised in the affirmative, the court ordered a hearing to show cause why appellants should be allowed to file their petitions out of time. On October 15, 1980, the District Court entered orders overruling appellants' motions and dismissed the cases. The court determined that the appellants failed to show good cause for their delay in filing their petitions on appeal after the January 5, 1978, order of disallowance.

On appeal to this court, the appellants allege that the District Court erred in its finding that § 77-2407 incorporates the appeal procedure of former justice of the peace courts as specified in Neb. Rev. Stat. § 27-1306 (Reissue 1964). They contend that since the procedure specified in § 27-1306 was repealed in 1972, the proper appeal procedure from a disallowance of claim is that set forth in Neb. Rev. Stat. § 24-544 (Reissue 1979), which provides that an appeal from a county court to the District Court is perfected upon the filing of a certified transcript within 30 days of judgment. The school districts urge that since they filed certified

transcripts with the District Court on January 13, 1978, they perfected their appeals from the January 5, 1978, orders disallowing their claims.

At this point we set out some well-established principles of law applicable to issues regarding statutory construction. Where one statute refers to another and the latter is subsequently repealed, the statute repealed, absent a contrary legislative intent, becomes a part of the one making the reference and remains in force so far as the adopting statute is concerned. *Shull v. Barton,* 58 Neb. 741, 79 N.W. 732 (1899).

We have frequently held that when the Legislature subsequently enacts legislation which makes related preexisting law applicable thereto, it is presumed that it did so with full knowledge of such preexisting legislation and judicial decisions of the Supreme Court construing and applying it. *State v. Kock,* 207 Neb. 731, 300 N.W.2d 824 (1981); *Sidney Education Assn. v. School Dist. of Sidney,* 189 Neb. 540, 203 N.W.2d 762 (1973).

In interpreting the meaning of statutory provisions, all the provisions should be read in order to arrive at a conclusion as to their proper meaning. *Little Blue N.R.D. v. Lower Platte North N.R.D.,* 206 Neb. 535, 294 N.W.2d 598 (1980).

To ascertain the intent of the Legislature, the Supreme Court may examine the legislative history of the act in question. *PPG Industries Canada Ltd. v. Kreuscher,* 204 Neb. 220, 281 N.W.2d 762 (1979).

The statutes relevant to the disposition of this case are as follows. Section 77-2406, which provides in part: "All claims of whatever nature upon the treasury of this state, before any warrant shall be drawn for the payment of the same, shall be examined, adjusted and approved by the Department of Administrative Services." It is well established in this jurisdiction that an order disallowing a claim can be reviewed only by appeal to the District Court. *State v. Cornell,* 54 Neb.

158, 74 N.W. 398 (1898); *Pickus v. State*, 115 Neb. 869, 215 N.W. 129 (1927). The procedure to be followed in an appeal from an order of disallowance by the Department of Administrative Services is set forth in § 77-2407, which states in pertinent part: "The Director of Administrative Services shall keep a record of all claims presented to him for examination and adjustment and shall therein note the amount of such claims as shall be allowed or disallowed. In case of the disallowance of any claim, or any part thereof, the party aggrieved by the decision of the director may appeal therefrom to the district court of the county where the capital is located within twenty days after receiving official notice. *Such appeal may be taken in the manner provided by law in relation to appeals from county courts to such district courts . . . .*" (Emphasis supplied.)

The legislative history reveals that at the time § 77-2407 was last amended in 1967, Neb. Rev. Stat. § 24-544 (Reissue 1964) provided that appeals from county courts to District Court were to be *"in the manner as provided by law in cases tried and determined by justices of the peace."* (Emphasis supplied.) The appeal procedure from judgments by justices of the peace is provided for in Neb. Rev. Stat. §§ 27-1301 et seq. (Reissue 1964), which were repealed in 1972. We note that § 27-1306 specifically required that to perfect an appeal from any justice of the peace court, *the plaintiff had 50 days from judgment to file a petition in the District Court.*

In its order, the District Court found the applicable law to be that as set forth in *Shull v. Barton*, 58 Neb. 741, 79 N.W. 732 (1899), and concluded: "Where one statute (77-2407) refers to another (27-1306), which is subsequently repealed, the statute repealed (27-1306) becomes a part of the one making the reference (77-2407) and remains in force so far as the adopting statute is concerned." The appellants contend, however, that the court erred in applying the *Shull* rule in this case and that the

appeal procedure to be applied is that presently provided in the statutes at Neb. Rev. Stat. §§ 24-541 et seq. (Reissue 1979). We note, however, that these provisions have recently been repealed by 1981 Neb. Laws, L.B. 42. Present Neb. Rev. Stat. § 24-541.06 (Supp. 1981) limits District Court reviews from county or municipal courts (other than Small Claims Court) to one for error appearing on the record.

The determinative issue on appeal is whether the *Shull* reference rule relied upon by the District Court is still the law of this jurisdiction and should be given effect. We determine from a review of the case law that the *Shull* rule is still the law of this jurisdiction and, based on that rule, § 77-2407 incorporates by reference the appeal procedure of the former justice of the peace courts found in § 27-1306.

In *Hanson v. City of Omaha*, 157 Neb. 768, 61 N.W.2d 556 (1953), this court applied the *Shull* rule to resolve an eminent domain action. Neb. Rev. Stat. § 14-375 (1943) provided that landowners adversely affected by the city planning commission's assessment of damages could appeal in the manner provided by Neb. Rev. Stat. § 14-379 (1943), a section which provided that appeals were perfected to the District Court upon the filing of a transcript within 20 days from the expiration of the time allotted the city to exercise its right of abandonment. Section 14-379 was repealed by 1951 Neb. Laws, Ch. 101, § 127, pp. 505-06, and the appellants in *Hanson* argued that other appellate procedures were available to them. This court determined that notwithstanding the repeal of § 14-379, it continued in force because it was incorporated by reference as a part of § 14-375, and governed the procedure of appeal to be followed by appellants.

In *Knoefler Honey Farms v. County of Sherman*, 193 Neb. 95, 225 N.W.2d 855 (1975), this court examined the procedure to be followed in appealing from an action of a county board of equalization in a tax assessment case. The trial court had dismissed

appellant's action because it had failed to perfect jurisdiction in the District Court by not filing a written notice of appeal within 20 days of the board action as required by Neb. Rev. Stat. § 23-135 (Reissue 1977). This court reversed, noting that Neb. Rev. Stat. § 77-1510 (Reissue 1976) provided that appeals from county boards of equalization were to be made within 45 days of adjournment of the board and in the same manner as appeals were taken from the county board in the disallowance of claims. The court reviewed the legislative history of § 77-1510 and determined that the Legislature had intended the 45-day period from adjournment to apply to "all activities" necessary for perfecting appeals to the District Court. The court concluded that § 77-1510 incorporated by reference the procedure of appeal from the former justice of the peace courts, but not the time periods referred to therein. However, in *United Way of the Midlands v. Douglas County Board of Equalization*, 199 Neb. 323, 259 N.W.2d 270 (1977), this court overruled *Knoefler Honey Farms* to the extent that there was language which applied the 45-day time period to the giving of notice of appeal and the furnishing of an appeal bond, rather than the 20-day period as provided under § 23-135. We note that there is nothing in the *United Way* ruling which would indicate any intent to overrule the application of the *Shull* incorporation by reference rule.

In *Estate of Tetherow v. State*, 193 Neb. 150, 226 N.W.2d 116 (1975), this court considered the appeal procedure to be applied in relation to an appeal by the state Department of Roads in a condemnation proceeding. The issue before the court was the determination as to which party had the burden of filing the petition on appeal. The court found that Neb. Rev. Stat. § 76-717 (Reissue 1976) incorporated by reference the appellate procedure of the former justice of the peace courts which placed the burden of filing the petition on the plaintiff. However, under a 1961 amendment to § 76-717, all appeals in eminent domain

proceedings were to be docketed with the condemnee designated as the plaintiff and the condemner as defendant. Under the peculiar circumstances of *Tetherow*, the court concluded that condemnees in eminent domain actions had the burden of filing a petition on appeal, even though it was the condemner state which was the first party filing the appeal. We note that in *Hornung v. Hatcher*, 205 Neb. 449, 288 N.W.2d 276 (1980), this court recently limited the *Tetherow* decision. In *Hornung* we held that in appeals of eminent domain proceedings, the first party appealing must file a petition on appeal within 50 days from the rendition of award of judgment. Again, there is nothing in the language of *Hornung* which would indicate any limitation of the *Shull* rule or its application to the facts of this case.

We must conclude, in light of the case law, that statutes making general references to § 27-1306 have been interpreted in accordance with the *Shull* rule to determine the proper statutory procedures to be followed on appeal to the District Court. In the present case, we must determine that § 77-2407 incorporates by reference the appeal procedure of § 27-1306, which obligated the appellants to file petitions within 50 days of the disallowance of their claims to perfect their appeals to the District Court.

Appellants cite us to cases from a number of jurisdictions which hold that where reference in an adopting statute is to the law generally which governs a particular subject and not to any specific statute or part thereof, the reference will be held to include the law as it stands at the time it is sought to be applied, with all the changes made from time to time. See, *Layton School of Art & Design v. WERC*, 82 Wis. 2d 324, 262 N.W.2d 218 (1978); *State v. District Court (Delaware County)*, 253 Iowa 903, 114 N.W.2d 317 (1962); *Carruba v. Meeks*, 274 Ala. 714, 150 So. 2d 195 (1963). Whatever may be the circumstances whereunder the application of such distinction may be

appropriate, if any, it is clear from our prior decisions that the distinction does not apply to the case at hand. Our prior cases have held that the adopting language in question incorporated by reference the appeal procedure of § 27-1306.

The record clearly indicates that appellants did not follow the proper procedure in appealing from the orders of disallowance to the District Court. The District Court did not abuse its discretion in holding the school districts have not shown good cause for their failure to file petitions on appeal within the time required by statute.

It was more than a year after we held declaratory judgment actions inappropriate before the appellants took any action seeking to file petitions out of time, and a period of more than 2 years after the claims had been denied. Therefore, the judgment of the District Court was correct and must be affirmed.

AFFIRMED.

WHITE, J., dissenting.

I dissent. The court continues a procedural trap, which has no basis in logic, but is designed merely to penalize the unwary. In all appeals from administrative agencies, if the method of appeal is at all mentioned or described, an exhaustive search must be undertaken to determine in what legislative session the language describing the method of appeal was first adopted. Then a search of statutes, many long since repealed and replaced, must be had to determine, as in this case, what was the procedure of appeal from justice of the peace courts (now long since abolished) in that same year. A current set of our statutes will not be sufficient for the lawyer attempting to find the correct procedure, and the District Courts of this state, which were under the impression that as a result of careful study and legislation that appeal procedures were uniform, are confounded. I would overrule *Shull v. Barton*, 58 Neb. 741, 79 N.W. 732 (1899), and its

questionable descendents, out of hand.

KRIVOSHA, C.J., joins in this dissent.